Alfreda E. McCAULEY, Plaintiff,

v.

The GREENSBORO CITY BOARD OF EDUCATION and John A. Eberhart, Superintendent, Defendants.

Civ. No. C–86–736–G.

United States District Court, M.D. North Carolina, Greensboro Division.

Dec. 30, 1987.

judgment notwithstanding the verdict is mandatory and leaves no discretion with the trial judge).

Romallus O. Murphy, Greensboro, N.C., for plaintiff.

William D. Caffrey and Martin N. Erwin, Greensboro, N.C., for defendants.

## MEMORANDUM OPINION

BULLOCK, District Judge.

This is a civil rights case involving alleged violations of 42 U.S.C. §§ 1981, 1983, 2000e–2, and 2000e–3. The Plaintiff, Alfreda E. McCauley, asserts that the Greensboro City Board of Education (the "Board") committed race and sex discrimination by failing to promote her to the position of assistant principal. Ms. McCauley also claims that the Board retaliated against her by suspending its internal grievance process when it learned that she had filed discrimination charges with the EEOC. The Defendants have moved for summary judgment on a number of Ms. McCauley's claims; she has responded by moving for summary judgment on her retaliation claim. For the reasons set forth below, all of these motions are denied.

## FACTS

Many of the salient facts are undisputed. Ms. McCauley, a black female possessing the necessary certification, applied for a promotion to assistant principal in January of 1985. She was not selected. On October 16, 1985, Ms. McCauley was inter-

viewed for a similar position. She was chosen as one of two finalists and participated in a second interview that evening. The interview panel consisted of three white males, one black male, and one white female. On October 17, 1985, Ms. McCauley was notified that the position was given to the other finalist, a white male.

On October 30, 1985, Ms. McCauley filed a grievance with the Board alleging discriminatory treatment. On November 4, 1985, she filed a race and sex discrimination charge with the EEOC. On November 6, 1985, her grievance was heard, but not acted upon, by an interim management committee of the Board. By a letter dated November 11, 1985, the committee informed Ms. McCauley that it had learned of her EEOC action, that it considered this an appeal to a higher authority, and that it would be guided by any EEOC determination. Complaint, Exhibit B.

Ms. McCauley appealed this decision to the Board, and received in reply a letter from the Board's chairperson dated November 20, 1985. This letter advised her that the Board considered it inappropriate to hear her grievance while the same matter was pending before the EEOC, and that the Board would continue the grievance process upon formal notification that her EEOC complaint had been withdrawn. Complaint, Exhibit C. This letter led to the filing of a second charge with the EEOC, alleging that the above actions constituted retaliation for exercising protected rights.

The EEOC eventually issued two right-to-sue letters to Ms. McCauley. She received the first of these on June 9, 1986, and filed this suit on Monday, September 8, 1986, ninety-one (91) days after receiving this letter.

### I. *The Defendants' Motion*

In their motion and supporting brief, the Defendants advance the following arguments:

(1) The claims under Title VII (42 U.S.C. §§ 2000e to 2000e–17) should be dismissed for failure to adhere to the ninety-day filing period set forth in 42 U.S.C. § 2000e–5(f);

(2) The Section 1983 claims should be dismissed because Section 1983 is preempted by Title VII, at least in the context of employment rights;

(3) The Defendants' acts to do not constitute retaliation or an adverse employment action; therefore the retaliation claims should be dismissed; and

(4) The claims against the individual Defendant should be dismissed because he played no part in the acts complained of. These issues will be addressed in turn.

### A. Timeliness of the complaint

42 U.S.C. § 2000e–5(f)(1) requires the Plaintiff to bring her civil action within ninety days of receipt of the right-to-sue letter. Relying on *Smith v. Bailar*, 22 Fair Empl.Prac.Cas. 1378 (N.D.Ga.1980), the Defendants argue that this suit is subject to dismissal because it was filed one day late.

The *Smith* case was premised on the view that the time limits enunciated in Title VII are jurisdictional and not subject to equitable tolling. This reading has been generally rejected by the Supreme Court, *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), and by the Fourth Circuit with regard to Section 2000e–5(f)(1). *See Harvey v. City of New Bern Police Dept.*, 813 F.2d 652 (4th Cir.1987). *Zipes* treats Title VII's time restrictions as similar to a statute of limitations, subject to tolling "when equity so requires." 455 U.S. at 398, 102 S.Ct. at 1135.

In the present case the ninetieth day fell on a Sunday and the Plaintiff filed this suit the next day. Numerous courts have confronted this situation and held that such a complaint is timely filed. *Kane v. Douglas, Elliman, Hollyday & Ives*, 635 F.2d 141 (2d Cir.1980); *Pearson v. Furnco Contruction Co.*, 563 F.2d 815 (7th Cir. 1977); *Bailey v. Southeastern Area Joint Apprenticeship Committee*, 561 F.Supp. 895, 898 (N.D.W.Va.1983); *see also Milam v. United States Postal Service*, 674 F.2d 860 (11th Cir.1982). This court agrees with the reasoning and policies discussed in

these cases and holds that the complaint was timely filed.

### B. The interaction of Title VII with Section 1983

■ Title VII is a comprehensive, detailed statute designed to eliminate employment discrimination based on race, sex, religion, or national origin. In contrast, 42 U.S.C. § 1983 creates no substantive rights; it merely provides a remedy for violations of other federally-protected rights. *Chapman v. Houston Welfare Rights Organization,* 441 U.S. 600, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979); *Maine v. Thiboutot,* 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980). Relying on a line of cases proceeding from *Great American Federal Savings and Loan Assn. v. Novotny,* 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979), the Defendants argue that Title VII preempts claims of employment discrimination asserted under Section 1983.

*Novotny* holds only that "deprivation of a right *created* by Title VII cannot be the basis for a cause of action under Section 1985(3)." 442 U.S. at 378, 99 S.Ct. at 2352 (emphasis added). The Defendants seek to expand *Novotny* far beyond its intended scope, and their position was repudiated in *Keller v. Prince George's County,* 827 F.2d 952 (4th Cir.1987).[1] After an exhaustive review of the legislative history behind the 1972 amendments to Title VII, the *Keller* court concluded that Title VII does not preempt the preexisting remedy under Section 1983 for fourteenth amendment violations committed by state employers. 827 F.2d at 962. This conclusion is supported by decisions from other circuits which have held that Title VII does not supplant other constitutional and statutory causes of action which may be asserted through Section 1983. *Greenwood v. Ross,* 778 F.2d 448, 455 (8th Cir.1985); *Trigg v. Ft. Wayne Community Schools,* 766 F.2d 299, 302 (7th Cir.1985); *Day v. Wayne County Board of Auditors,* 749 F.2d 1199, 1204 (6th Cir.1984); *Irby v. Sullivan,* 737 F.2d 1418, 1429 (5th Cir.1984).

■ While *Keller* establishes that Title VII does not preempt Section 1983, the further interaction of these statutes is somewhat complex. Section 1983 provides a remedy for rights secured by "the constitution and laws," and Title VII is such a law. *Keller* expressly reserves the question of whether Section 1983 may be used to assert a violation of Title VII. 827 F.2d at 956, n. 3. The circuits which have addressed this question have applied *Novotny* to hold that Section 1983 does not provide an additional remedy for rights created by Title VII. *Hervey v. City of Little Rock,* 787 F.2d 1223, 1233 (8th Cir.1986); *Alexander v. Chicago Park District,* 773 F.2d 850, 855 (7th Cir.1985), *cert. denied,* 475 U.S. 1095, 106 S.Ct. 1492, 89 L.Ed.2d 894 (1986); *Day,* 749 F.2d at 1204; *Irby,* 737 F.2d at 1429. This court agrees that it would violate the principles of *Novotny* to allow a plaintiff to use Section 1983 to enforce rights granted by Title VII, thereby avoiding the latter's "comprehensive plan" and "crucial" administrative process. *Novotny,* 442 U.S. at 373, 376, 99 S.Ct. at 2349, 2351. In short, a plaintiff who asserts a violation of Title VII is confined to that law's remedies and procedures when seeking to redress that violation.

■ However, the *Novotny* reasoning applies only to rights which were created by Title VII; it does not encompass rights (and their related remedies) which predate that legislation. "Substantive rights conferred in the nineteenth century were not withdrawn, *sub silentio,* by the subsequent passage of the modern statutes." *Novotny,* 442 U.S. at 377, 99 S.Ct. at 2351. *Keller* documents the voluminous legislative history indicating that Congress, in extending Title VII to state and local governmental employers, did not intend to limit or alter any then-existing causes of action. Thus, Section 1983 may not be used to assert violations of Title VII, but it remains available for the assertion of constitutional and statutory rights which existed prior to and independent of Title VII. *Day,* 749 F.2d at 1204; *Irby,* 737 F.2d at 1429.

---

1. Defense counsel submitted a copy of this decision to the court. The court commends counsel's adherence to Rule 7.6(B)(1) of the North Carolina Rules of Professional Conduct.

■ Applying this law to the case at bar, the court observes that race discrimination in employment violates both Title VII and 42 U.S.C. § 1981. *Johnson v. Ryder Truck Lines, Inc.*, 575 F.2d 471 (4th Cir.1978), *cert. denied*, 440 U.S. 979, 99 S.Ct. 1785, 60 L.Ed.2d 239 (1979). Since Section 1981 existed long before Title VII and is a source of independent substantive rights, *Johnson v. Railway Express Agency*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), its violation may be prosecuted through Section 1983 and the Plaintiff can proceed on this claim as well as her claim under Title VII. Similarly, sex discrimination involving state action violates the equal protection clause of the fourteenth amendment, and Section 1983 provides a remedy for such violations. *Trigg v. Ft. Wayne Community Schools*, 766 F.2d 299 (7th Cir.1985); *Gobla v. Crestwood School District*, 609 F.Supp. 972 (M.D.Pa.1985); *Woerner v. Brzeczek*, 519 F.Supp. 517 (N.D.Ill.1981); *see also Weise v. Syracuse University*, 522 F.2d 397 (2d Cir.1975); *Eslinger v. Thomas*, 476 F.2d 225 (4th Cir. 1973). As fourteenth amendment rights are independent of those granted under Title VII, the Plaintiff may again proceed on both of these causes of action.

■ This analysis applies as well to the Plaintiff's retaliation claim. Citing *Greenwood, Day*, and *Irby*, the Defendants correctly argue that rights granted by Title VII (here, Section 2000e–3[a]) cannot be pursued through Section 1983. However, Ms. McCauley has alleged retaliation in response to her filing a complaint with the EEOC, an activity which is protected by the first amendment as well as by Title VII. *Greenwood*, 778 F.2d at 457; *Dougherty v. Barry*, 604 F.Supp. 1424, 1437 (D.D.C. 1985). Such retaliation, if proven, violates the first amendment, and Section 1983 provides a remedy to redress this offense. *Mt. Healthy City Board of Education v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). This remedy is independent of those granted by Title VII; thus the Plaintiff may pursue her right to be free from retaliation under Section 1983 and under Title VII.[2]

## C. The harmfulness of the Board's acts

■ The parties agree that the basis for Ms. McCauley's retaliation claim is the Board's suspension of its internal grievance process upon learning of the EEOC charge. As the Plaintiff's brief makes clear, her retaliation claim is based primarily on rights secured by the first and fourteenth amendments. Plaintiff's Brief at p. 3. To establish a *prima facie* case of a first amendment violation, the Plaintiff must prove (1) that she engaged in protected activity, (2) followed by an adverse employment action, and (3) that the protected conduct was a substantial or motivating factor in the adverse action. *Mt. Healthy*, 429 U.S. at 287, 97 S.Ct. at 576; *Cox v. Dardanelle Public School District*, 790 F.2d 668, 672 (8th Cir.1986). The analysis for retaliatory acts which violate Section 1981 and/or Title VII is similar, except that the Plaintiff must prove "but for" instead of "motivating factor" causation in her *prima facie* case. *Irby*, 737 F.2d at 1430; *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985). Whatever the theory of recovery, retaliation requires that the defendant take an adverse employment action which disadvantages the plaintiff.

The Defendants assert that the mere suspension of the grievance process does not constitute an adverse employment action. They argue that Ms. McCauley "went over their heads" to an agency with superseding authority, therefore it was pointless to continue their proceedings. Defendants cite *Gold v. Gallaudet College*, 630 F.Supp. 1176 (D.D.C.1986), and *Kumar v. Board of Trustees of the University of Massachusetts*, 566 F.Supp. 1299 (D.Mass.1983), *rev'd on other grounds*, 774 F.2d 1 (1st Cir. 1985), *cert. denied*, 475 U.S. 1097, 106 S.Ct. 1496, 89 L.Ed.2d 896 (1986), as concluding that termination of a grievance process does not constitute retaliation. A close

---

**2.** Several courts have held that employment retaliation with a racial animus violates rights guaranteed by Section 1981 also. *Irby*, 737 F.2d at 1429; *Choudhury v. Polytechnic Institute of New York*, 735 F.2d 38, 43 (2d Cir.1984) (citing additional cases).

reading of *Kumar*, however, indicates that the court found no retaliation primarily because of a lack of retaliatory intent. 566 F.Supp. at 1327. The rationale of the *Gold* case is somewhat inscrutable, but it seems that there the grievance decision was made pursuant to a pre-existing policy, which was apparently read as again negating any retaliatory intent. *Gold*, 630 F.Supp. at 1189.

The court has searched unsuccessfully for a case which squarely addresses this issue. The Defendants might draw additional support from *Johnson v. University of Pittsburgh*, 435 F.Supp. 1328, 1360 (W.D.Pa.1977) (delay in processing grievance and poor attitude toward plaintiff's lawyers found to be "no retaliation of consequence"), and from *Pinar v. Dole*, 747 F.2d 899, 912 (4th Cir.1984) (letter of reprimand, two-day suspension, and termination of a temporary promotion characterized as "minor" personnel actions for due process purposes), *cert. denied*, 471 U.S. 1016, 105 S.Ct. 2019, 85 L.Ed.2d 301 (1985). However, there are numerous cases in which seemingly minor personnel actions were held to be retaliatory.[3] As stated in *Collins v. State of Illinois*, 44 Fair Empl.Prac. Cas. 1549, 1556–57 (7th Cir.1987), "Title VII does not limit adverse job action to strictly monetary considerations."

 The court is unwilling to hold at the summary judgment stage, at least, that the suspension of the Board's grievance process was not an adverse act. Continuing the process was not pointless; if the Defendants had decided that Ms. McCauley's claims had merit, much time and effort might have been saved.[4] Moreover, contrary to the statements in their letters, the Defendants are not bound by the EEOC's determination. Under Section 2000e–5, the EEOC is limited to attempting mediation and conciliation. *Keller*, 827 F.2d at 961, n. 13. Additionally, several pertinent facts regarding the grievance process are not before the court—was the grievance process a statutory right, a contractual right, a written policy of the Board, or an informal, ad hoc attempt at conciliation?[5] Finally, whether any harm was great or small, Ms. McCauley claims that she was treated differently, and adversely, because she engaged in protected conduct. If this is an inconsequential adverse action, that characterization may more properly address the issue of damages, not liability. *Sparrow v. Piedmont Health Systems Agency, Inc.*, 593 F.Supp. 1107 (M.D.N.C.1984) (the remedy is an issue distinct from the violation; having found a violation the court found no harm requiring a remedy).

### D. The individual defendant

John Eberhart, the superintendent of the Greensboro City Schools, requests that the court dismiss him from this action because

---

**3.** *Lopez v. Current Director of Texas Economic Development Commission*, 807 F.2d 430, 433 (5th Cir.1987) (district court found employer's deception regarding destruction of employee evaluations was retaliation; circuit court remanded for more specific findings regarding intent); *Collins v. State of Illinois*, 44 Fair Empl. Prac.Cas. 1549 (7th Cir.1987) (lateral transfer with no loss of pay or benefits was retaliation); *Paxton v. Union National Bank*, 688 F.2d 552, 572 (8th Cir.1982) (intensive interrogation by employer violated Section 2000e–3), *cert. denied*, 460 U.S. 1083, 103 S.Ct. 1772, 76 L.Ed.2d 345 (1983); *Sparrow v. Piedmont Health Systems Agency, Inc.*, 593 F.Supp. 1107 (M.D.N.C. 1984) (refusal to provide customary recommendation letter was an adverse employment action). *See also Cannon v. State of Delaware*, 26 Fair Empl.Prac.Cas. 1611 (D.Del.1981) (state personnel commission's refusal to give a hearing to disgruntled employee alleged as a retaliatory act).

**4.** *See Cochetti v. Desmond*, 572 F.2d 102 (3d Cir.1978) (favorable result through grievance/arbitration process mooted employee's complaint); *Howard v. Holmes*, 656 F.Supp. 1144 (S.D.N.Y.1987) (grievance/arbitration process completed during pendency of charges with the EEOC); *EEOC v. Fry–Wagner Moving & Storage Co.*, 465 F.Supp. 1214 (E.D.Mo.1979) (grievance processed during pendency of charges with the EEOC).

**5.** In this regard the court notes that N.C.Gen. Stat. § 115C–45 provides that "[a]n appeal shall lie from the decision of all school personnel to the appropriate local board of education.... The board of education may designate hearing panels composed of not less than two members of the board to hear and act upon such appeals...."

he "had nothing to do with the matters about which [the plaintiff] complains." Defendants' Brief, p. 5. The Plaintiff responds that Mr. Eberhart was sued solely in his official capacity, pursuant to his duty to implement Board policy. Neither party cited the court to any relevant authority.

The court's primary concern is retaining parties against whom injunctive relief would be proper if the need for such relief is proven. Under the authority of *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1978), the court can award "monetary, declaratory, or injunctive relief" directly against local governing bodies such as the Greensboro City Board of Education. However, as Justice Brennan noted, official capacity suits are merely another way of pleading an action against the entity for which the officer is an agent. *Monell,* 436 U.S. at 690, fn. 55, 98 S.Ct. at 2035, fn. 55.

 Countless suits have been brought against individuals in their official capacity when those individuals had no connection to the specific wrongs complained of. The court perceives no prejudice to Mr. Eberhart and will allow the suit to continue as the Plaintiff has pled it.

## II. *The Plaintiff's Motion* [6]

 As discussed before, a *prima facie* case of retaliation based on first amendment rights is established by showing (1) protected activity, (2) followed by an adverse act, and (3) that the protected conduct was a substantial or motivating factor causing the adverse action. *Mt. Healthy,* 429 U.S. at 287, 97 S.Ct. at 576. Once the *prima facie* case is proven, the burden shifts to the defendant to show that it would have taken the same action even in the absence of the protected conduct. *Id.* Relying on cases which discuss the need for protection against the chilling of first amendment rights, the Plaintiff argues that she should receive summary judgment

on her retaliation claim. Plaintiff's Brief, at pp. 4–7.

While the court agrees that the Plaintiff may meet the requirements for a *prima facie* case, it cannot agree that summary judgment is proper. Although there is little doubt that the EEOC charge precipitated the Board's actions, the ultimate issue regarding the Plaintiff' retaliation claim is whether the Defendants acted with discriminatory or retaliatory intent. *Washington v. Davis,* 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976); *United States Postal Service Board of Governors v. Aikens,* 460 U.S. 711, 715, 103 S.Ct. 1478, 1481–82, 75 L.Ed.2d 403 (1983); *Lopez v. Current Director of Texas Economic Development Commission,* 807 F.2d 430, 433 (5th Cir. 1987); *Cohen v. Fred Meyer, Inc.,* 686 F.2d 793, 798 (9th Cir.1982). The *prima facie* case method established in *Mt. Healthy* and other discrimination cases is but a means or method of "evaluat[ing] the evidence . . . as it bears on the critical question of discrimination." *Aikens,* 460 U.S. at 715, 103 S.Ct. at 1482.

 Summary judgment is usually inappropriate where questions of intent or motive are present, and on the record before it the court cannot conclude that the Defendants intended to retaliate against Ms. McCauley for filing her charge with the EEOC. *Ross,* 759 F.2d at 364; *Charbonnages de France v. Smith,* 597 F.2d 406, 414 (4th Cir.1979). The Plaintiff's motion is therefore denied and the ultimate question of the Board's intent will be determined at a later date.

An order in accordance with this memorandum opinion shall be entered contemporaneously herewith.

## ORDER

BULLOCK, District Judge.

For the reasons set forth in the memorandum opinion filed contemporaneously herewith,

---

**6.** The Plaintiff failed to comply with Local Rule 206, which requires the filing and service of a notice of intent to file a motion for summary judgment. The court will consider the merits of the Plaintiff's motion, but warns that similar lapses may receive harsher treatment in the future.

154

IT IS ORDERED that Defendants' motion for summary judgment is hereby DENIED. IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment is also DENIED.