W. G. LeDUC, Receiver, v. GEORGE BRANDT et al.

*Pleading — Parties — Causes of Action — Joinder of.*

A plaintiff in a creditor's bill may join causes of action for the recovery of an indebtedness not theretofore reduced to judgment; for the removal of an insolvent trustee; for the appointment of a receiver; to declare a conveyance to the creditor of the principal defendant void, and that a prior mortgage shall be foreclosed and the surplus money applied to the debts of other creditors; and persons having an interest in these several causes of action should be made parties defendant.

CIVIL ACTION, heard upon complaint and demurrer at January Term, 1892, of CUMBERLAND Superior Court, *Boykin, J.*, presiding.

The case is stated in the opinion.

*Mr. R. P. Buxton*, for plaintiff.
*Mr. G. M. Rose*, for defendants.

SHEPHERD, J.: The plaintiff (who is the receiver of The Peoples National Bank of Fayetteville), alleges that the defendant Brandt is indebted to the said bank in a large sum of money, which indebtedness is evidenced by the several promissory notes described in the complaint. He further

110 — 19

alleges that the said Brandt has executed a deed of trust to the defendant J. B. Smith, and that said deed conveys all of the real and personal property of the said debtor, including a large stock of goods and merchandise; that the said deed was made for the purpose of defrauding the plaintiff and certain other creditors; and that the trustee is insolvent and an improper custodian of the property. It is further alleged that, prior to the execution of the deed of trust, the said Brandt executed a mortgage upon certain of the real estate contained in said trust to the defendant Ellen Smith, purporting to secure a debt due to the said Ellen, and also a debt due to one Ida Rankin; and it is also alleged, in effect, that the said mortgage is fraudulent and void as to creditors. It further appears that, prior to the said Smith mortgage, the defendant Brandt had executed a mortgage upon a part of the property contained in the same to the defendant, The Bank of Fayetteville. The *bona fides* of this deed is not questioned, but it is alleged that the value of the property contained therein is much in excess of $6,000, the amount secured to said bank. The plaintiff prays for judgment against the defendant Brant upon the alleged indebtedness; that the trustee be removed; that a receiver be appointed; that the deed of trust and the mortgage to Ellen Smith be set aside; that the mortgage to The Bank of Fayetteville be foreclosed and the surplus be applied to the payment of the plaintiff's judgment, and for other and further relief. The defendants demurred for misjoinder of causes of action and parties, and the demurrer being sustained, the plaintiff appealed.

It is very clear, from the above summary of the complaint, that this is an action in the nature of a judgment creditor's bill, and it has been well settled that such an action may, under our present practice, be commenced before the plaintiff's indebtedness has been reduced to judgment, and that in the same action the Court may subject to the payment of

the indebtedness the equitable or other interests of the debtor, which are not subject to sale under execution, and also any property which may have been conveyed for the purpose of defrauding creditors. *Hancock* v. *Wooten*, 107 N. C., 9; *Monroe* v. *Lewald*, 107 N. C., 655; *Smith* v. *Summerfield*, 108 N. C., 284.

If, then, the alleged fraudulent conveyances can be set aside in this action, it must follow that the defendant J. B. Smith, the trustee in the deed of trust, which conveys all of the property of the debtor, and Ellen Smith, the mortgagee of a part of the same property, together with Ida Rankin, whose debt is secured in the same mortgage, are not only proper but necessary parties to this action, and the demurrer, in respect to their joinder, must therefore be overruled. *Bank* v. *Harris*, 84 N. C., 206; *Mebane* v. *Layton*, 86 N. C., 571; *The Code*, § 184; Wait on Fraudulent Conveyances, 131, 132.

As to The Bank of Fayetteville: It is true that the validity of the mortgage to this defendant is not questioned, but it is alleged that the mortgage debt is much less in amount than the value of the property conveyed to secure it. If this be so, then if the mortgage to Ellen Smith and the deed of trust are set aside, the plaintiff would be entitled to subject to the payment of his indebtedness any surplus that might remain in the hands of The Bank of Fayetteville, should it foreclose its mortgage, and, as the Court has by this action acquired jurisdiction over the said property, and as it may, in certain contingencies, decree that it be sold, it is proper, in analogy to the rule laid down in *Hinson* v. *Adrian* (86 N. C., 61), that all prior incumbrancers should be joined as parties. The demurrer, therefore, as to the joinder of this defendant must also be overruled, but it must be noted that the foreclosure of its mortgage should not be delayed by this action, and all that can be required of it is that the sale shall be fairly conducted, and the surplus, if any, be paid into

Court or into the hands of a receiver to await the final determination of this controversy.

Upon an examination of all the causes assigned in the demurrer, we are of the opinion that none of them can be sustained, and that the judgment below should be

Reversed.