## Price for Use of City of Catlettsburg v. Flannery.

(Decided June 19, 1928.)

### Appeal from Boyd Circuit Court.

1.   Municipal Corporations.—Allegations of petition, in suit for use and benefit of city to recover money illegally paid to defendant police judge, that plaintiff owned stock in corporation, which listed

its property for taxation by city and paid taxes, held not to show that plaintiff was taxpayer entitled to prosecute suit; the corporation being the taxpayer.

2.  Municipal Corporations.—Plaintiff, having failed to show that he was a taxpayer of city, for use and benefit of which he sued, court should have sustained special demurrers to petitions on such grounds, or dismissed petition, even if demurrers were properly overruled, where issue was made on allegation that he was a taxpayer.

J. F. STEWART and G. F. GALLUP for appellant.

WAUGH & HOWERTON for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

This is an appeal from a judgment of the Boyd circuit court. H. F. Price instituted the suit for the use and benefit of the city of Catlettsburg. He alleged in his original petition that he was a resident, citizen, and taxpayer of that city. The purpose of the suit was to recover from appellee, who had been police judge of that city, money which had been paid to him as salary and fees, which it was alleged had been illegally paid, and which should be refunded to the city.

We are confronted at the outset with the question of the right of the appellant, H. F. Price, to prosecute the suit. In the answer appellee denied that appellant was, or had been for some years, a taxpayer of Catlettsburg. He filed a demurrer to the petition, on the ground that appellant was not entitled to maintain the action on account of his not being a taxpayer. The trial court sustained the special demurrer, but appellant amended, and, to show that he was a taxpayer of the city of Catlettsburg, he alleged that he was the owner of $5,500 in stock of the Hampton Grocery Company, a corporation engaging in the wholesale grocery business and located within the corporate limits of the city. He further alleged that the Hampton Grocery Company for more than 10 years last past had listed for taxation its property in the city of Catlettsburg and had paid taxes thereon. There was a further allegation in his amended petition to the effect that he had also been paying a small personal city tax for several years. A special demurrer was filed to the petition as amended, on the ground that appellant had not shown himself to be a taxpayer. The lower court appears to have been of the opinion that, if the appellant

was the owner of stock in corporation which assessed its assets and paid the tax itself, he was a taxpayer, and for that reason overruled the special demurrer. The appellant filed another amended petition, in which he more specifically alleged the amount of tax paid by the Hampton Grocrey Company, and what his part would have been, if he had paid it himself. In other words, he apportioned the taxes paid by the company in proportion to the amount of stock which he owned, and in that way he arrived at the conclusion that the company had paid $26 in taxes which he would have received, if no taxes had been paid.

Many amended petitions were filed, and there were many demurrers, motions to strike out, and other dilatory pleas. The proceedings eventually reached the point where appellee was required to file his answer. In his answer he pleaded affirmatively, in the nature of a plea in abatement, that, at the time of the institution of the action by H. F. Price, Price owned no property in the city of Catlettsburg, except some household goods, which were exempt from taxation, and further specifically alleged that he listed no property whatsoever, either real or personal, for the year 1925 in the city of Catlettsburg, and that he paid no tax of any kind. A motion was made to strike certain language from the answer, and in part it was sustained, but the language so stricken was not that alleging that appellant listed no property and paid no tax. A reply was filed, but the allegation in the answer that appellant paid no tax was not denied. The case was tried before a jury, and a verdict was rendered in favor of appellee.

The appellant was not a taxpayer in the city, and, accepting his own allegations in his petition, he does not show himself as such. The allegation that he owned stock in a corporation, and that the corporation assessed its property, is not sufficient to show that he was a taxpayer. The corporation was the taxpayer. In the case of Sparks v. Robinson, 115 Ky. 453, 74 S. W. 176, 24 Ky. Law Rep. 2336, in passing on the right of a taxpayer to maintain a suit, this court said:

"But the one essaying to act for all must be a fair representative of the class, and this he must show to be entitled to claim the right. It was not enough that he should belong to the class whose alleged grievances or property rights he presumes to

involve in litigation, but he must show such an interest that the court may see that his motive and financial concern are probably in harmony with at least the average of the body. It will be observed that the Code (section 25) makes this right permissive, which we understand to be in respect of the above rule and to involve the exercise of the sound judicial discretion of the chancellor. If this were not so, then one with but slight interest in fact, but actuated by some other motive, not common to, nor in keeping with, the welfare of those he would represent, could involve their property in a litigation to be conducted by such skill and labor as he would feel warranted to engage in his own small affair. This would not be allowed.''

The foregoing case, however, was modified in the case of Anderson v. Burton, 174 Ky. 460, 192 S. W. 519. The distinction is made that in the case of Sparks v. Robinson the taxpayer was seeking to recover an excess tax, which was to be divided, in case of a recovery, among all the taxpayers of the county, while in the latter case the taxpayer was suing to recover salary, which had been illegally paid to an officer, and that the recovery would go into the treasury for the benefit of the county. The court there held that any taxpayer, although he might pay only a poll tax, may maintain a suit in behalf of himself and all other taxpayers to recover back salary thus illegally paid. In the case of De Haven v. Hardinsburg Graded School District, 164 Ky. 511, 175 S. W. 994, the court held that, where taxpayers were required to sign a petition to call an election, one who paid a poll tax was a taxpayer within the meaning of the law.

The appellant in this case, however, did not show that he even paid a poll tax. He based his right to maintain the action on the alleged fact that he was the owner of stock of the par value of $5,500 in Hampton Grocery Company, which he alleged paid the taxes assessed against it, and that he was a taxpayer, because the company had paid taxes. This does not make him a taxpayer within the meaning of the law, and, as he failed to show that he was a taxpayer, he failed to show that he was authorized to maintain the action, and the court should have sustained the special demurrers to his petition and amended petition. If we should concede the court did not

err in overruling the special demurrers, still there was an issue made on the allegation that he was a taxpayer, and he failed to establish that fact, and upon his failure the court should have dismissed the petition.

As the record is presented to us, he was without right to maintain the action, and the judgment will have to be affirmed, but it is without prejudice to the rights of the city or a taxpayer to have the matter litigated, as we do not determine any question other than that appellant was without right to maintain the action.

Judgment affirmed.