W. H. HUGHES ET AL. v. M. G. TEASTER ET AL.

(Filed 7 December, 1932.)

**Cancellation of Instruments B b—Plaintiff must show his interest in land and right to sue in order to maintain action.**

*Semble:* The county commissioners are necessary parties to declare a deed to the county void, and where there are no allegations in the complaint showing the right of the plaintiffs to bring the suit, or that they were taxpayers or residents of the county or have an interest authorizing them to bring suit, the case will be dismissed. In this case there was no allegation of a demand upon and refusal of the commissioners to bring suit. *Waddill v. Masten,* 172 N. C., 582.

APPEAL by plaintiffs from *Moore, J.,* at April Term, 1932, of AVERY.

Civil action to declare void deed made to board of commissioners of Avery County for county-home site.

From judgment dismissing the action, the plaintiffs appeal, assigning errors.

*Watson & Fouts for plaintiffs.*
*Ervin & Ervin for defendants.*

STACY, C. J. The purpose of the suit being to divest the county of its property, or to set aside a conveyance already made to the board of

commissioners, it would seem that the grantee in said deed is a necessary party to a complete determination of the rights of those claiming an interest therein. *Le Duc v. Brandt,* 110 N. C., 289, 14 S. E., 778. Avery County is not a party to the action.

It does not appear from the complaint who the plaintiffs are or what interest they may have in the litigation. It is not alleged that they are taxpayers or residents of Avery County. This is gleaned, if at all, from the title of the cause. 44 C. J., 1430.

It not appearing that the plaintiffs have such interest as to authorize them to bring the action, or that they are in position to do so, the motion to dismiss was properly allowed. *Hines v. Vann,* 118 N. C., 3, 23 S. E., 932.

There is no allegation of demand and refusal on the part of the county commissioners to bring suit, as was the case in *Waddill v. Masten,* 172 N. C., 582, 90 S. E., 694.

Affirmed.