G. F. BRANCH, JOHN W. OXENDINE, N. C. STUBBS, L. G. SINGLETARY,
J. B. POWELL AND J. M. POWELL, INDIVIDUALLY AND AS TAXPAYERS OF
ROBESON COUNTY, NORTH CAROLINA, AND ON BEHALF OF SAID
COUNTY, v. BOARD OF EDUCATION OF ROBESON COUNTY; BOARD
OF COUNTY COMMISSIONERS OF ROBESON COUNTY; C. L. GREEN,
COUNTY SUPERINTENDENT OF COUNTY SCHOOLS; W. D. REYNOLDS, ROBESON
COUNTY MANAGER; LUMBERTON ADMINISTRATIVE SCHOOL UNIT;
RED SPRINGS ADMINISTRATIVE SCHOOL UNIT; FAIRMONT AD-
MINISTRATIVE SCHOOL UNIT; L. McK. PARKER, ROBESON COUNTY
TAX COLLECTOR; AND HONORABLE HARRY McMULLAN, ATTORNEY-
GENERAL OF NORTH CAROLINA.

(Filed 23 May, 1951.)

1. **Schools § 10h—**

The right to sue for the protection or recovery of school funds of a par-
ticular school administrative unit upon allegation of threatened wrongful
diversion or expenditure of such funds, belongs to the particular unit,
whether it be a county administrative unit or a city administrative unit.
G.S. 115-11, 115-128, 115-129, 115-165, 115-49.

2. **Same: Public Officers § 7d: Counties § 31: Municipal Corporations
§ 45a—**

Taxpayers may not bring an action on behalf of a public agency or
political subdivision unless the proper authorities have wrongfully neg-
lected or refused to act, and therefore the complaint in such action is
demurrable unless it alleges not only that plaintiffs are taxpayers of the
unit, but also that the proper authorities have refused to act after demand
or circumstances indicating affirmatively that demand would have been
unavailing.

3. **Schools § 10h: Pleadings § 2—**

An action to enjoin allegedly unlawful expenditure or diversion of funds
belonging to four separate school administrative units and to compel an
allocation of such funds to the respective units, there being no contro-
versy as to the respective shares of each unit in the fund, is demurrable
for misjoinder of parties and causes of action.

APPEAL by plaintiff from *Grady, Emergency Judge,* at the January
Term, 1951, of ROBESON.

Civil action to enjoin an allegedly unlawful expenditure of school
funds, and to compel an allocation of such funds to various school admin-
istrative units.

This case is here for the second time. The former appeal merely in-
volved the validity of an order dissolving a temporary restraining order.
*Branch v. Board of Education,* 230 N.C. 505, 53 S.E. 2d 455. The pres-
ent appeal is concerned with the sufficiency of the complaint.

The plaintiffs prosecute this action against nine defendants, that is to
say: Harry McMullan, Attorney-General of North Carolina; Robeson

County; W. D. Reynolds, County Manager of Robeson County; L. McK. Parker, Tax Collector of Robeson County; the Board of Education of Robeson County; C. L. Green, County Superintendent of Public Instruction of Robeson County; the Board of Trustees of the Fairmont City Administrative Unit; the Board of Trustees of the Lumberton City Administrative Unit; and the Board of Trustees of the Red Springs City Administrative Unit. The Attorney-General is made a party under General Statutes, section 1-260, because the plaintiffs allege certain statutes to be unconstitutional.

The gist of the complaint is as follows:

The plaintiffs sue solely in their capacities as taxpayers of Robeson County, North Carolina, which contains four school administrative units, to wit, a county administrative unit controlled by the Board of Education of Robeson County, and three city administrative units governed respectively by the Board of Trustees of the Fairmont City Administrative Unit, the Board of Trustees of the Lumberton City Administrative Unit, and the Board of Trustees of the Red Springs City Administrative Unit. Acting under two unconstitutional statutes, namely, Chapters 486 and 487 of the 1945 Session Laws of North Carolina, Robeson County and its County Manager have unlawfully diverted various school funds belonging to each of the four school administrative units "to a capital reserve fund" totaling $295,000, which Robeson County retains and proposes to expend in some allegedly "unlawful and unauthorized manner" not explained in the pleading. The plaintiffs pray that Chapters 486 and 487 of the 1945 Session Laws of North Carolina be declared unconstitutional, that Robeson County be enjoined from expending any of the moneys in the capital reserve fund pending the trial of the action, and that a final judgment be entered in the cause requiring Robeson County to allot the moneys in the capital reserve fund to the four school administrative units in conformity to their respective interests in them.

After the decision on the former appeal was certified to the Superior Court of Robeson County, the several defendants demurred to the complaint for failure to state a cause of action, and for misjoinder of causes and parties. Judge Grady rendered judgment sustaining the demurrers and dismissing the action, and the plaintiffs appealed, assigning such ruling as error.

*Malcolm McQueen, Frank McNeill, Frank Hackett,* and *Hector McLean for plaintiffs, appellants.*

*McKinnon & McKinnon* and *McLean & Stacy for the defendants, Robeson County; W. D. Reynolds, County Manager of Robeson County; and L. McK. Parker, Tax Collector of Robeson County, appellees.*

*E. M. Johnson for defendant, Board of Education of Robeson County, appellee.*

*Ozmer L. Henry for defendants, Board of Trustees of the Lumberton City Administrative Unit and Board of Trustees of the Red Springs City Administrative Unit, appellees.*

*F. Wayland Floyd for defendant, Board of Trustees of the Fairmont City Administrative Unit, appellee.*

ERVIN, J.   Under the statutes regulating the public school system, city administrative units and county administrative units constitute separate and distinct governmental agencies.   General Statutes, sections 115-8, 115-11, 115-56, 115-77, 115-83, 115-128, 115-129, 115-352.   The county board of education, as the governing board of the county administrative unit, has control of the school funds of the county administrative unit, and the board of trustees, as the governing board of the city administrative unit, has management of the school funds of the city administrative unit. General Statutes, sections 115-11, 115-128, 115-129, 115-165.   This being so, the right to sue for the protection or recovery of the school funds of a particular school administrative unit belongs by necessary implication to the governing board of that unit.   56 C.J., Schools and School Districts, section 894.   Indeed, a relevant statute confers upon the county board of education in explicit terms the power to sue for the preservation and recovery of the money or property of the county administrative unit. G.S. 115-49.

The law is heedful of realities when it fashions rules to regulate the affairs of men.   It knows that public officers are sometimes derelict in the performance of official duties.   As a consequence, it permits a taxpayer to bring a taxpayer's action on behalf of a public agency or political subdivision for the protection or recovery of the money or property of the agency or subdivision in instances where the proper authorities neglect or refuse to act.   The law takes cognizance, however, of the disruptive tendency of officious intermeddling by taxpayers in matters committed to the decision of public officers.   Consequently, it decrees that a taxpayer cannot bring an action on behalf of a public agency or political subdivision where the proper authorities have not wrongfully neglected or refused to act, after a proper demand to do so, unless the circumstances are such as to indicate affirmatively that such a demand would be unavailing.   *Hughes v. Teaster,* 203 N.C. 651, 166 S.E. 745; *Murphy v. Greensboro,* 190 N.C. 268, 129 S.E. 614; *Waddill v. Masten,* 172 N.C. 582, 90 S.E. 694; *Merrimon v. Paving Company,* 142 N.C. 539, 55 S.E. 366, 8 L.R.A. (N.S.) 574; 20 C.J.S., Counties, section 287; 64 C.J.S., Municipal Corporations, section 2138; 56 C.J., Schools and School Districts, section 913.

It necessarily follows that where a plaintiff undertakes to bring a taxpayer's suit on behalf of a public agency or political subdivision, his complaint must disclose that he is a taxpayer of the agency or subdivision. *Hughes v. Teaster, supra; Michigan City v. Marwick,* 67 Ind. A. 294, 116 N.E. 434; *Price v. Flannery,* 225 Ky. 186, 7 S.W. 2d 1067. Moreover, it must allege facts sufficient to establish the existence of one or the other of these alternative requirements: (a) That there has been a demand on and refusal by the proper authorities to institute proceedings for the protection of the interests of the public agency or political subdivision (*Hughes v. Teaster, supra; Merrimon v. Paving Company, supra*); or (b) that such a demand on such authorities would be useless. *Murphy v. Greensboro, supra.* See, also, in this connection: 52 Am. Jur., Taxpayers' Actions, section 35; 64 C.J.S., Municipal Corporations, section 2164.

The plaintiffs in the case at bar do not sue to protect their individual rights. They attempt to bring a taxpayer's action for the benefit of four separate and distinct school administrative units located in Robeson County. Their complaint does not even allege that they are taxpayers of the three city administrative units. Consequently, it does not appear that they have any interest in the premises entitling them to sue on behalf of the Board of Trustees of the Fairmont City Administrative Unit, the Board of Trustees of the Lumberton City Administrative Unit, or the Board of Trustees of the Red Springs City Administrative Unit. Furthermore, the complaint does not aver that the governing boards of the several school administrative units have ever been requested to take the steps necessary for the proper protection of the interests of such units, and have neglected or refused to do so. Besides, the pleading does not allege facts showing that such a request would be a mere idle ceremony. These things being true, the complaint does not state facts sufficient to constitute a cause of action.

The complaint could not survive the demurrers, however, even if it contained the omitted allegations mentioned in the preceding paragraph. In such event, it would be demurrable for misjoinder of four independent causes of action belonging to four separate governmental agencies, to wit, the Board of Education of Robeson County, the Board of Trustees of the Fairmont City Administrative Unit, the Board of Trustees of the Lumberton City Administrative Unit, and the Board of Trustees of the Red Springs City Administrative Unit. *Mills Co. v. Earle, ante,* 74, 62 S.E. 2d 492. The complaint does not intimate that there is any controversy in regard to the respective shares of the several school administrative units in the capital reserve fund.

For the reasons given, the judgment sustaining the demurrers and dismissing the action is
　　Affirmed.