GUILFORD COUNTY BOARD OF COMMISSIONERS; GUILFORD COUNTY; JAMES ROBERT McNALLY AND DANNY LEE KELLY, ON BEHALF OF THEMSELVES AND TAXPAYERS SIMILARLY SITUATED, PLAINTIFFS v. E. WAYNE TROGDON; GUILFORD COUNTY BOARD OF EDUCATION; AND PEERLESS INSURANCE COMPANY, DEFENDANTS

No. COA95-499

(Filed 17 December 1996)

1. **Schools § 162 (NCI4th)— pending merger of school district—extension of superintendent's contract by former board—severance pay agreement—invalidity**

A former county board of education lacked the authority to extend the contract of the former superintendent of county schools to cover the 1993-94 school year pending a vote on merger of the county school district with two city school districts or to authorize the payment of severance pay of $275,000 if the former superintendent was not selected as the superintendent for the merged school system where legislation permitting a vote on school merger gave the new board of education the authority to make contract and hiring decisions for administrative personnel for the 1993-94 school year and beyond; the legislation manifested the legislature's intent to divest the former board of its statutory authority to make contract decisions for the 1993-94

school year; and the parties to the contract were on notice of the terms of the legislation at the time the contract was executed. Therefore, the county was entitled to recover the $275,000 paid to the former superintendent under the contract when the voters approved the merger.

**Am Jur 2d, Schools § 126.**

**2. Schools § 195 (NCI4th)— standing—taxpayers—school board funds—no action by new board**

The plaintiff taxpayers had standing to file a claim for recovery of school board funds where the new board had voted not to recover monies paid to defendant and it would have been useless for the taxpayers to demand that the new board institute legal actions.

**Am Jur 2d, Schools §§ 1 et seq.**

Appeal by defendants E. Wayne Trogdon and Peerless Insurance Company from judgment entered 10 February 1995 by Judge Judson D. DeRamus, Jr. in Guilford County Superior Court. Heard in the Court of Appeals 20 February 1996.

On 13 June 1989, defendant E. Wayne Trogdon signed a contract to serve as superintendent of the former Guilford County School System from 1 July 1989 through 30 June 1993. On 8 May 1991, the North Carolina General Assembly ratified Chapter 78 of the 1991 Session Laws (the Merger Act), effective upon ratification, which provided for the consolidation of the three school systems in Guilford County—the Greensboro City, High Point City, and Guilford County school systems. The Merger Act provided for a referendum vote by Guilford County voters in November 1991 to choose one of two merger plans to become effective 1 July 1993: either a merger into one system, or a formation of boundaries of the three systems so that the boundaries would be coterminous with the city boundaries of Greensboro, High Point, and the remainder of Guilford County. The former Guilford County Board of Education (the former Board) filed suit to challenge the legality of the Merger Act, but that challenge was struck down by this Court in *Guilford Co. Bd. of Education v. Guilford Co. Bd. of Elections*, 110 N.C. App. 506, 430 S.E.2d 681 (1993).

After ratification of the Merger Act, the former Board and Dr. Trogdon signed a contract on 8 October 1991 which stated that Dr. Trogdon's employment would be extended an additional two years,

## GUILFORD COUNTY BD. OF COMRS. v. TROGDON

[124 N.C. App. 741 (1996)]

with a new expiration date of 30 June 1995. The agreement contained the following provision:

> In the event of the merger or consolidation of the Guilford County Public School System with any other school system prior to the expiration of this Contract, if the Superintendent is not selected and employed by mutual agreement (as provided hereinafter) as the superintendent of the merged school system, he will be compensated in full for the salary and all other benefits and compensation to which he would have been entitled under the remaining term of this Contract, in one lump sum payment, on the day prior to the effective date of the merger. If the Superintendent is selected as the superintendent of the merged school system, then the Superintendent shall be entitled to negotiate the terms and conditions of a new Contract as Superintendent with the appropriate Board of Education to provide additional compensation therefor.

In November 1991, Guilford County residents voted to merge the three school systems, and by the terms of the Merger Act, the former Board ceased to exist as of 1 July 1993.

On 19 June 1993, the former Board agreed to pay Dr. Trogdon $275,000 as "a full and complete mutually agreeable settlement of all claims between the parties rising out of the terms of [the October 1991 agreement]." The former Board issued a check to Dr. Trogdon in the amount of $275,000 on 30 June 1993. In separate letters dated 13 August 1993 and 20 August 1993, both the Guilford County Board of Commissioners and the new Board requested Dr. Trogdon return the funds. Dr. Trogdon refused.

Plaintiffs filed this action to recover the $275,000 on 22 October 1993. Both sides filed motions for summary judgment and defendant Peerless Insurance Company (Peerless) filed a counterclaim against plaintiffs. In an order filed 10 February 1995, the trial court denied summary judgment for defendants Trogdon and Peerless, dismissed Peerless' counterclaim with prejudice, and granted summary judgment for plaintiffs. The court ordered Dr. Trogdon to pay defendant Guilford County Board of Education $275,000 plus interest at the legal rate from 30 June 1993 and ordered Peerless to pay amounts due but not recovered from Dr. Trogdon. From this judgment, Dr. Trogdon and Peerless now appeal. (We note that defendant Guilford County Board of Education did not appeal and submitted a brief in support of the trial court's judgment.)

*Jonathan V. Maxwell, County Attorney, and J. Edwin Pons, Deputy County Attorney, for plaintiff-appellees Guilford County Board of Commissioners and Guilford County.*

*Stern, Graham and Klepfer, by Jerry R. Everhardt and Robert H. Edmunds, Jr., for plaintiff-appellees James Robert McNally and Danny Lee Kelly.*

*Roberts Stevens & Cogburn, P.A., by James W. Williams and Wyatt S. Stevens, for defendant-appellant E. Wayne Trogdon.*

*Haywood, Denny, Miller, L.L.P., by George W. Miller, Jr., for defendant-appellant Peerless Insurance Company.*

*Tharrington Smith, by Michael Crowell, for defendant-appellee Guilford County Board of Education.*

McGEE, Judge.

[1] Appellants first argue the judgment of the trial court should be reversed because the parties had a valid contract, the settlement was not an unconstitutional emolument, the former Board's actions complied with the terms of the Merger Act, and the contract did not require a pre-audit certificate. However, we find the former Board exceeded its authority in extending Dr. Trogdon's contract and affirm the judgment of the trial court. *See Shore v. Brown,* 324 N.C. 427, 428, 378 S.E.2d 778, 779 (1989) (summary judgment upheld on appeal if it can be sustained on any grounds).

The Merger Act was ratified by our General Assembly 8 May 1991 and, by its terms, became effective on that date. 1991 N.C. Sess. ch. 78 § 31. (However, Part I of the Merger Act, the portion dealing with the procedures for merger of the systems, became effective on the date of the certification of the November 1991 referendum election results. 1991 N.C. Sess. Laws ch. 78 § 28(b).) Section 4(3) of the Merger Act, contained in Part I, states that a newly created Guilford County Board of Education (the new Board) would be responsible for "[m]aking contracts, hiring personnel and adopting policies for the 1993-94 and subsequent school years." By the terms of the Merger Act, employees covered under N.C. Gen. Stat. § 115C-325 (*i.e.*, teachers and their supervisors and principals, but specifically not superintendents) were guaranteed employment to the same extent as they were employed by the then existing three school systems. N.C. Sess. Laws ch. 78 § 13. Administrative, supervisory and operational staff

were to be hired based on need as determined by study, and equitable policies were to be established to consider those persons for positions in the new merged school system. N.C. Sess. Laws ch. 78 § 11. Therefore, under the terms of the Merger Act, only the new Board had the authority to make employment contracts for administrative personnel, such as a superintendent, for the 1993-94 school year and beyond.

However, appellants argue that despite the provision in the Merger Act declaring only the new Board would have the authority to make contracts covering the 1993-94 school year and beyond, the former Board still had authority to make the contract because Part I of the act was not effective until the November 1991 election, one month after the execution of the agreement with Dr. Trogdon. We disagree.

In *Rowe v. Franklin County*, 318 N.C. 344, 349 S.E.2d 65 (1986), our Supreme Court held a hospital's board of trustees could not enter into a binding employment contract with the plaintiff because the trustees lacked the authority to do so. In that case, the county commissioners, pursuant to statute, had created a board of trustees with the power to operate and hire personnel for the county hospital. On 23 May 1983, the commissioners and trustees met with representatives from two different non-profit, tax-exempt corporations to receive proposals from the corporations to take over operation of the hospital. Both proposals stated the administrator of the hospital would be an employee of the management company selected. The commissioners voted 6 June 1983 to hire one of the corporations to manage the hospital. On 15 June 1983, the trustees met and adopted a resolution stating their intent to enter into a management contract with the other corporation. They also purported to enter into a written three-year contract with the plaintiff to act as hospital administrator. The commissioners met later that same night and voted to revoke the trustees' purported contract with the other corporation. On 27 June 1983, the commissioners adopted a resolution repealing the trustees' authority to operate and manage the hospital. The commissioners voted to fire the plaintiff 1 July 1983.

In affirming summary judgment against the plaintiff, the Supreme Court held the trustees lacked the authority to enter into a binding employment contract. *Rowe*, 318 N.C. at 350, 349 S.E.2d at 69. The court reasoned that:

> Under the circumstances, the 6 June resolution choosing [a cor-
> poration to manage the hospital] clearly showed the com-
> missioners' intent to exercise their authority to decide how the
> hospital would be managed in the future. By so resolving, the
> commissioners manifested their intent to divest the trustees of
> the delegated authority to make long-term management decisions
> on behalf of the hospital. Therefore, the resolution of 6 June 1983
> impliedly repealed that part of the [earlier] resolution . . . which
> had delegated authority to the trustees to enter into long-term
> contracts regarding management of [the hospital]. Thus, on 15
> June 1983 the trustees had no authority to enter into a long-term
> contract of employment with plaintiff.

*Rowe*, 318 N.C. at 348, 349 S.E.2d at 68. The court further held that
because plaintiff was, or should have been, aware the trustees had no
authority to enter into a contract, he could not recover under an argu-
ment that the trustees had apparent authority to enter into a contract.
*Id.* at 350-351, 349 S.E.2d at 70. Therefore, even though the commis-
sioners did not formally repeal the trustees' power to hire hospital
personnel until after the trustees and plaintiff had entered into the
purported employment contract, the trustees lacked authority to
enter into the contract. *Id.* at 347-48, 349 S.E.2d at 68.

In this case, the General Assembly clearly intended by enacting
the Merger Act, that if the voters chose to merge the school systems,
the new Board would make hiring and contract decisions for the
merged system. Although the former Board had been given power to
extend or renew a current superintendent's contract under N.C. Gen.
Stat. § 115C-271, the General Assembly, by enacting the Merger Act,
"manifested their intent to divest" the former Board of its statutory
authority to make contract decisions for the 1993-94 school year and
beyond if the voters approved the merger. Here, the position of the
former Board is analogous to the position of the trustees in *Rowe*.
Therefore, the attempt by the former Board to enter into an employ-
ment contract for the 1993-94 and 1994-95 school years, which would
be binding if the merger was approved, was made without actual
authority and was unenforceable. *See Rowe, supra.* The voters did
approve the merger. Because the General Assembly ratified the
Merger Act in May 1991, even though the official effective date was
November 1991, the General Assembly's adoption of the Merger Act
impliedly repealed the former Board's ability to enter into an employ-
ment contract to be in effect after the effective date of the merger.
Since the parties to the purported contract were on notice of the pro-

visions of the Merger Act, the October 1991 agreement was unenforceable upon the vote in favor of merger. Therefore, the trial court properly entered summary judgment for plaintiffs.

[2] Appellants also argue plaintiffs have no standing to bring this action. We disagree. Regardless of the issue of whether the Guilford County Board of Commissioners has standing, we hold the two taxpayer plaintiffs, McNally and Kelly, have standing. The right to sue for recovery of the school funds of a particular school administrative unit belongs to the school board governing that unit. *Branch v. Board of Education*, 233 N.C. 623, 625, 65 S.E.2d 124, 126 (1951). However, "a taxpayer [may] bring a taxpayer's action on behalf of a public agency or political subdivision for the protection or recovery of the money or property of the agency or subdivision in instances where the proper authorities neglect or refuse to act." *Id.* To bring this type of action, taxpayers must show they are a taxpayer of the public agency or political subdivision and must further establish that either: 1) there has been a demand on and refusal by the proper authorities to institute proceedings for the protection of the interests of the agency or subdivision; or 2) a demand on the proper authorities would be useless. *Id.* at 626, 65 S.E.2d at 126-27. Here, the record shows McNally and Kelly are Guilford County taxpayers. Further, because the new Board had already voted not to take legal action to recover the $275,000 from Dr. Trogdon, it would have been useless for the taxpayers to demand the new Board institute legal proceedings. Therefore, the taxpayers had standing to bring this action.

Because of our holding that the former Board did not have the authority to execute the October 1991 agreement with Dr. Trogdon, we do not address the issue of whether the agreement was an unconstitutional emolument, an illusory contract, or invalid for lack of a preaudit certificate. For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.

Judges JOHNSON and MARTIN, John C. concur.

Judge Johnson participated in this opinion prior to 1 December 1996, the effective date of his retirement.