LESSIE J. DUNN AND ERWIN W. COOK, JR., INDIVIDUALLY AND ON BEHALF OF A CLASS OF ALL OTHERS SIMILARLY SITUATED, PLAINTIFFS v. THE STATE OF NORTH CAROLINA, THE NORTH CAROLINA DEPARTMENT OF REVENUE AND E. NORRIS TOLSON, AS SECRETARY OF THE NORTH CAROLINA DEPARTMENT OF REVENUE, DEFENDANTS

No. COA05-1178

(Filed 17 October 2006)

**1. Appeal and Error— appealability—interlocutory order— class certification—substantial right—sovereign immunity**

Although defendants' appeal from an order certifying a class of taxpayers and appointing the named plaintiffs as class representatives is an appeal from an interlocutory order, the order is subject to immediate review because: (1) appeals raising issues of governmental or sovereign immunity affect a substantial right warranting immediate appellate review; and (2) defendants'

rights will be adversely affected including the potential injury to defendants of their inability to avoid a budget exigency.

**2. Class Actions— certification—taxpayers who paid income tax—subject matter jurisdiction—notice requirement**

The trial court did not lack subject matter jurisdiction over the claims added by class certification of taxpayers who paid income taxes on interest earned or accrued on obligations of states other than North Carolina and their political subdivisions even though defendants contend none of the plaintiffs thereby added complied with the notice requirement of N.C.G.S. § 105-267, because: (1) once the State is put on notice that a tax provision is being challenged, not every taxpayer seeking restitution under N.C.G.S. § 105-267 must comply with the statute; (2) when the State has impermissibly collected taxes from a group of individuals, public policy makes it unjust to limit recovery only to those taxpayers with the advantage of technical knowledge and foresight to have filed a formal protest and demand for refund; (3) the notice requirement was met when defendants received the named plaintiffs' written demands for a tax refund on 4 November 2003; (4) notice instead of exact knowledge of the total potential liability is the goal of N.C.G.S. § 105-267, and thereafter the burden is on the State to determine its potential exposure and to plan accordingly when the information is within its control; (5) had the General Assembly wanted to modify the notice requirements of N.C.G.S. § 105-267 and thus weaken the Bailey II decision, it would have specifically and directly done so rather than leaving it to litigants and courts to speculate that by increasing a taxpayer's protest period, the legislature also changed the statutory notice requirement as defined by our Supreme Court; and (6) the named plaintiffs may represent taxpayers who were subject to the contested tax but failed to comply with N.C.G.S. § 105-267 by individually requesting a refund since sovereign immunity has been partially waived by the enactment of N.C.G.S. § 105-267.

**3. Class Actions— certification—representation of taxpayers who are not individuals—subject matter jurisdiction—personal interest**

The trial court did not lack subject matter jurisdiction over taxpayers who are not individuals such as corporations or estates and trusts that pay income taxes under N.C.G.S. §§ 105-130.3 and 105-160.2 when the named plaintiffs paid only individual income taxes under N.C.G.S. § 105-134.2, because: (1) N.C.G.S. § 1A-1,

DUNN v. STATE

[179 N.C. App. 753 (2006)]

Rule 23 provides that if persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued in order to help eliminate repetitious litigation and possible inconsistent adjudications involving common questions, related events, or request for similar relief; (2) although individuals, estates and trusts, and corporations pay tax under different statutory provisions, in this litigation, each group is contesting the adjustment to taxable income under N.C.G.S. §§ 105-134.6(b)(1)b and 134.6(c)(1); and (3) the named plaintiffs have more than a technical or official interest in the subject matter of this lawsuit—affecting corporations or estates and trusts, and their interest is personal.

**4. Class Actions— certification—sufficiency of findings of fact**

While the trial court did not make numbered findings of fact in its order certifying a class action by taxpayers against the State and the N.C. Department of Revenue, a section of the order entitled "Discussion" included sufficient findings of fact to permit meaningful appellate review under the abuse of discretion standard.

Appeal by Defendants from order entered 14 June 2005 by Judge Lindsay R. Davis, Jr. in Forsyth County Superior Court certifying a class of taxpayers and appointing the named Plaintiffs as class representatives. Heard in the Court of Appeals 19 April 2006.

*Smith James Rowlett & Cohen L.L.P., by Norman Smith; Jack E. Thornton, Jr.; and Susman, Watkins & Wylie, LLP, by John R. Wylie, pro hac vice, for Plaintiffs-Appellees.*

*Attorney General Roy Cooper, by Assistant Attorney General Gregory P. Roney, for Defendants-Appellants.*

STEPHENS, Judge.

In this appeal, Defendants challenge, on grounds of sovereign immunity and standing, the trial court's order certifying, for purposes of pursuing a class action lawsuit, a class of taxpayers who paid income tax on interest earned or accrued on obligations of states other than North Carolina and their political subdivisions ("non-State obligations"). We affirm the trial court.

On 4 November 2003, Defendants received written demands for a refund of taxes paid on non-State obligations for tax years 2001 and 2002 from Plaintiffs Lessie J. Dunn and Erwin W. Cook, Jr. Defendants declined to make the requested refunds, and pursuant to N.C. Gen. Stat. § 105-267, Dunn and Cook pursued refunds through further legal action. By a complaint filed 9 February 2004, Plaintiffs alleged that Defendants unconstitutionally burdened interstate commerce by imposing and collecting state income tax under N.C. Gen. Stat. §§ 105-130.5(a)(4), 105-134.5, 105-134.6(b)(1)b, and 105-134.6(c)(1). Specifically, they alleged that the State impermissibly imposed tax on individual and corporate taxpayers on interest received on municipal bonds issued by non-North Carolina state and local governments, while not taxing interest received on municipal bonds issued by North Carolina state and local governments. Moreover, the named Plaintiffs sought to bring the action on behalf of a class of individual and corporate taxpayers pursuant to Rule 23 of the North Carolina Rules of Civil Procedure. In an answer dated 7 September 2004, Defendants denied (1) that the tax structure unlawfully burdened interstate commerce, and (2) that relief through class certification was appropriate.

Following a hearing on 21 February 2005, the Honorable Lindsay R. Davis, Jr. allowed Plaintiffs' Motion for Class Certification and directed Plaintiffs' counsel to prepare a proposed order. When the parties were unable to agree on the form of such order, Judge Davis conducted a second hearing on 6 June 2005. By order filed 14 June 2005, Judge Davis certified a class, pursuant to Rule 23, consisting of "[a]ll persons or entities who have paid required North Carolina state income tax on interest or accruals derived from bonds or obligations of states other than North Carolina and their political subdivisions and agencies from October 29, 2000, through the date of final judgment." He appointed the named Plaintiffs as representatives of all members of the certified class. From this order, Defendants appeal.

[1] As a threshold matter, we address the interlocutory nature of this appeal. An order entered by a trial court is either "interlocutory or the final determination of the rights of the parties." N.C. Gen. Stat. § 1A-1, Rule 54(a) (2003). "A class certification order is not a final judgment disposing of the cause as to all parties; the appeal of such orders is thus interlocutory." *Frost v. Mazda Motor of Am., Inc.*, 353 N.C. 188, 192, 540 S.E.2d 324, 327 (2000) (citing *Perry v. Cullipher*, 69 N.C. App. 761, 318 S.E.2d 354 (1984)). However, immediate appeals

**DUNN v. STATE**

[179 N.C. App. 753 (2006)]

from an interlocutory order "are allowed if they involve a matter of law or legal inference that affects a substantial right of the appellant[.]" *Frost*, 353 N.C. at 192, 540 S.E.2d at 327 (citations omitted). "The moving party must show that the affected right is a substantial one, and that deprivation of that right, if not corrected before appeal from final judgment, will potentially injure the moving party." *Flitt v. Flitt*, 149 N.C. App. 475, 477, 561 S.E.2d 511, 513 (2002) (citation omitted). The decision of whether an interlocutory appeal affects a substantial right is made on a case-by-case basis. *Milton v. Thompson*, 170 N.C. App. 176, 611 S.E.2d 474 (2005).

In this case, Defendants argue the substantial rights they seek to protect through immediate appellate review are the preservation of sovereign immunity and the protection of the fiscal stability of the State. Moreover, Defendants assert that if this Court does not allow this appeal, these rights will be adversely affected, including the potential injury to Defendants of their inability to avoid a budget exigency. We agree. Further, "this Court has repeatedly held that appeals raising issues of governmental or sovereign immunity affect a substantial right to warrant immediate appellate review." *Price v. Davis*, 132 N.C. App. 556, 558-59, 512 S.E.2d 783, 785 (1999) (citations omitted). We thus allow this interlocutory appeal.

---

**[2]** By their assignments of error brought forward on this appeal, Defendants first contend that the trial court lacked subject matter jurisdiction over the claims added by class certification because none of the plaintiffs thereby added complied with the notice requirement of N.C. Gen. Stat. § 105-267. This Court employs *de novo* review when it evaluates questions of subject matter jurisdiction. *Harper v. City of Asheville*, 160 N.C. App. 209, 585 S.E.2d 240 (2003).

North Carolina law provides in pertinent part that

[w]henever a person has a valid defense to the enforcement of the collection of a tax, the person shall pay the tax to the proper officer, and . . . may demand a refund of the tax paid in writing from the Secretary and if the tax is not refunded within 90 days thereafter, may sue the Secretary in the courts of the State for the amount demanded. . . . . The protest period . . . is three years after payment.

N.C. Gen. Stat. § 105-267 (2003). In *Bailey v. State*, 348 N.C. 130, 166, 500 S.E.2d 54, 75 (1998) ("*Bailey II*"), our Supreme Court determined that

the purpose underlying the requirements of section 105-267 is to ·put the State on *notice* that a tax, or a particular application thereof, is being challenged as improper so that the State might properly budget or plan for the potential that certain revenues derived from such tax have to be refunded. . . . . While claims of improper or illegal taxation . . . are subject to the procedural requirements of section 105-267, this is only to the extent necessary to provide the State with the notice sufficient to protect fiscal stability.

Therefore, once the State is put on notice that a tax provision is being challenged, not every taxpayer seeking restitution under N.C. Gen. Stat. § 105-267 must comply with the statute. Moreover, when the State has impermissibly collected taxes from a group of individuals, public policy makes it

unjust to limit recovery only to those taxpayers with the advantage of technical knowledge and foresight to have filed a formal protest and demand for refund. Such a result would clearly elevate form over substance. This is especially untenable . . . where the matter is of constitutional import and where, in practical consequence, the purpose of the statute was realized. Further, this more expansive, inclusive determination would seem to comport with the language and spirit of section 105-267, which provides: "If upon the trial it is determined that all or part of the tax was levied or assessed for an illegal or unauthorized purpose, . . . judgment shall be rendered therefor, with interest, and the judgment shall be collected as in other cases. The amount of taxes for which judgment is rendered in such an action shall be refunded by the State."

*Id.* at 166-67, 500 S.E.2d at 75 (quoting N.C.G.S. § 105-267). Based on the holding in *Bailey II*, we are persuaded here that the notice requirement of N.C. Gen. Stat. § 105-267 was met when Defendants received the·named Plaintiffs' written demands for a tax refund on 4 November 2003. We thus reject Defendants' argument that, to assert a valid claim, all class members must comply with the statute by individually demanding a refund of taxes paid. Under the plain holding of *Bailey II*, this argument has no merit.

Defendants further contend, however, that *Bailey II* does not control under the factual circumstances presented here. They argue that *Bailey II* is distinguishable because (1) in *Bailey II*, the State knew the potential class members and the potential refund amount; (2) *Bailey II* was decided under a previous version of N.C. Gen. Stat.

§ 105-267 that gave taxpayers only thirty days to contest a potentially illegal tax, while the current version provides taxpayers with a three-year window; and (3) *Bailey II* does not address the limits on class membership imposed by sovereign immunity. While Defendants do raise legitimate distinctions, we believe that the holding in *Bailey II* and the rationale underlying that holding govern our decision for the following reasons:

At issue in the line of *Bailey* cases was "the validity under the North Carolina Constitution of a repealed tax exemption for vested participants in state and local government retirement plans[,]" and the necessity for the individual class members in the *Bailey* litigation to comply with the notice requirements of N.C. Gen. Stat. § 105-267. *Bailey v. State*, 330 N.C. 227, 231, 412 S.E.2d 295, 298 (1991), *cert. denied*, 504 U.S. 911, 118 L. Ed. 2d 547 (1992), *overruled in part by Bailey v. State*, 348 N.C. 130, 500 S.E.2d 54 (1998). The *Bailey II* Court determined that "[t]he purpose of the statute [N.C. Gen. Stat. § 105-267] was realized[]" because the State was or "should be fully aware of . . . the amount of benefits paid . . . and had the opportunity to budget[.]" *Bailey II*, 348 N.C. at 166, 500 S.E.2d at 75. It does not follow, however, that the State must be aware of the exact number of potential plaintiffs or the exact amount of its potential liability to receive sufficient notice to enable the State to protect fiscal stability. While we agree with Defendants that "[n]otice for fiscal planning purposes is the touchstone of the section 105-267 requirements[,]" *Id.*, we are persuaded by our Supreme Court's elaboration of the definition of notice for section 105-267 purposes: "*As of the first protest received* in accordance with section 105-267, *not to mention the first lawsuit filed* thereafter, the State has been aware of a constitutional challenge to the validity of the Act." *Id.* (Emphasis added). Therefore, notice, not exact knowledge of the total potential liability, is the goal of N.C. Gen. Stat. § 105-267. Once notice is received, the burden is on the State to determine its potential exposure and to plan accordingly.

We note further that, by affidavit, Margaret M. Barnes, Assistant Secretary for Information Technology at the North Carolina Department of Revenue, acknowledged that, although it would take time and effort, Defendants could review tax returns and obtain an understanding of North Carolina's potential liability through the use of electronic means and manual labor. Therefore, the information that Defendants claim they need to plan for the State's fiscal stability as a consequence of this lawsuit is clearly within Defendants' control. As

in *Bailey II*, then, the purpose of N.C. Gen. Stat. § 105-267 has been achieved. Accordingly, we hold that the named Plaintiffs' compliance with N.C. Gen. Stat. § 105-267 is sufficient to put Defendants on notice of the claims of all members of the class.

Defendants also contend, however, that *Bailey II* does not control this case because, since the opinion in *Bailey II*, the General Assembly has modified N.C. Gen. Stat. § 105-267 to provide three years in which a taxpayer can challenge the legality of a tax. This is an increase over the original thirty days that the statute provided for such a challenge when it was evaluated by the *Bailey II* Court. We are not persuaded by this argument. Had the General Assembly wanted to modify the notice requirements of N.C. Gen. Stat. § 105-267 and thus weaken the *Bailey II* decision, we believe it would have specifically and directly done so, rather than leaving it to litigants and Courts to speculate that, by increasing a taxpayer's protest period, the Legislature also changed the statutory notice requirement as defined by our Supreme Court. Other than argument, Defendants offer no evidence that this is what the Legislature intended, and we decline to make this leap. *Bailey II* thus continues to guide our determination. Defendants' argument is without merit.

Finally, Defendants contend that because the opinion in *Bailey II* does not address the limits on class membership imposed by sovereign immunity, it does not control the resolution of this case. We disagree.

The *Bailey II* Court recognized that the General Assembly partially waived the State's sovereign immunity by enacting N.C. Gen. Stat. § 105-267. *See id.* at 158, 500 S.E.2d at 70. In addition, our Supreme Court concluded that "[i]t would be unjust to limit recovery only to those taxpayers with the advantage of technical knowledge and foresight to have filed a formal protest and demand for refund." *Id.* at 166, 500 S.E.2d at 75. In so concluding, the Court allowed individual taxpayers who complied with N.C. Gen. Stat. § 105-267 by timely requesting a refund to represent other individuals who paid the tax, but did not comply with the statute. It follows that, in this case, since sovereign immunity has been partially waived, the named Plaintiffs may represent taxpayers who were subject to the contested tax, but failed to comply with N.C. Gen. Stat. § 105-267 by individually requesting a refund. Under our Supreme Court's resolution of this question, Defendants' position has no merit. Accordingly, this assignment of error is overruled.

**[3]** Defendants next argue that the trial court lacked subject matter jurisdiction over taxpayers who are not individuals. Specifically, Defendants argue that the named Plaintiffs lacked standing to represent anyone other than individual taxpayers. Defendants contend that because the named Plaintiffs pay only individual income tax under N.C. Gen. Stat. § 105-134.2, they may not represent non-individual taxpayers, such as corporations or estates and trusts that pay tax under N.C. Gen. Stat. § 105-130.3 and N.C. Gen. Stat. § 105-160.2 respectively.

It is clear that the named Plaintiffs have standing to represent themselves and other individual taxpayers, and Defendants do not challenge their ability in this regard. However, to determine if they may represent non-individual taxpayers, we must evaluate the rule governing class certification.

Under Rule 23 of the North Carolina Rules of Civil Procedure, "[i]f persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued." N.C. Gen. Stat. § 1A-1, Rule 23 (2003). The goal of Rule 23 is to help eliminate " 'repetitious ligation and possible inconsistent adjudications involving common questions, related events, or requests for similar relief.' " *English v. Holden Beach Realty Corp.*, 41 N.C. App. 1, 9, 254 S.E.2d 223, 230-31 (quoting 7 Wright and Miller, Federal Practice and Procedure: Civil § 1754, p. 543), *disc. review denied*, 297 N.C. 609, 257 S.E.2d 217 (1979), *overruled on other grounds by Crow v. Citicorp Acceptance Co.*, 319 N.C. 274, 354 S.E.2d 459 (1987). "Those purporting to represent the class must show that they have a personal, and not just a technical or official, interest in the action." *English*, 41 N.C. App. at 7, 254 S.E.2d at 230 (citing *Hughes v. Teaster*, 203 N.C. 651, 166 S.E. 745 (1932)).

In this case, although the named Plaintiffs paid only individual income tax under N.C. Gen. Stat. § 105-134.2, they are also attempting to contest the imposition of the same income tax on corporations under section 105-130.3 and estates and trusts under 105-160.2. While each entity is subject to a unique statutory provision that governs taxation, a closer examination reveals that all three provisions are strikingly similar. For example, the estates and trusts income tax provision uses tax rates from the individual income tax provision, and the corporate tax statute differs only in the rate of taxation imposed. Most significantly, however, although individuals, estates and

trusts, and corporations pay tax under different statutory provisions, in this litigation, each group is contesting the adjustment to taxable income under N.C. Gen. Stat. § 105-134.6(b)(1)b and N.C. Gen. Stat. § 105-134.6(c)(1), that is, each group is alleging that the same law, which taxes non-State but not State obligations, is unconstitutional. Therefore, the named Plaintiffs have more than a technical or official interest in the subject matter of this lawsuit affecting corporations or estates and trusts; their interest is personal. Accordingly, once the named Plaintiffs established standing to proceed on the individual claims, they were entitled, under Rule 23, to represent not only other individuals, but also non-individual taxpayers, specifically, estates and trusts, and corporations.

---

[4] By their final argument, Defendants attack the trial court's order certifying the class, arguing that the order contains erroneous assumptions and lacks sufficient findings of fact to support class certification. We find no merit in this argument.

The decision to grant or deny class certification rests within the discretion of the trial court and will not be overturned absent an abuse of that discretion. *Nobles v. First Carolina Communications, Inc.*, 108 N.C. App. 127, 423 S.E.2d 312 (1992), *disc. review denied*, 333 N.C. 463, 427 S.E.2d 623 (1993). On appeal, "an appellate court is bound by the court's findings of fact if they are supported by competent evidence." *Id.* at 132, 423 S.E.2d at 315 (citing *Howell v. Landry*, 96 N.C. App. 516, 386 S.E.2d 610 (1989), *disc. review denied*, 326 N.C. 482, 392 S.E.2d 90 (1990)). Although not mandated by the language of Rule 23, this Court has determined that "findings of fact are required by the trial court when rendering a judgment granting or denying class certification in order for the appellate courts to afford meaningful review under the abuse of discretion standard." *Nobles*, 108 N.C. App. at 133, 423 S.E.2d at 316 (citation omitted).

Defendants first allege that the trial court's order contains an assumption not supported, and even contradicted, by the evidence presented. In particular, Defendants object to the portion of the court's order that asserts "[t]he State must have assessed the likely revenue from the various sources, including taxes, and has had sufficient opportunity to assess the likely effect on the treasury if refunds to all who have paid an unlawful tax is [sic] required." We believe this statement merely indicates that the State was put on sufficient notice that the income tax structure was being questioned. Once it was determined that the State received sufficient notice, what the trial

court believes the State "must have" done is irrelevant. Therefore, including this statement in the order certifying the class did not amount to an abuse of discretion by the trial court.

Next, Defendants generally object to the failure of the trial court to enumerate findings of fact in the order certifying the class. While we agree with Defendants that the trial court did not make *numbered* findings of fact, upon a thorough review of the trial judge's detailed order certifying the class, we are satisfied that the section entitled "Discussion" in the order includes sufficient findings of fact for this Court "to afford meaningful review under the abuse of discretion standard." *Id.* For example, the trial court found that (1) all putative class members share common issues, including whether the State's tax provision in question violates the Commerce Clause, (2) "[t]he issues which are common to the plaintiffs and members of the putative class are likely to predominate over distinctly separate issues[,]" (3) there is "no disabling conflict between the interests of the plaintiffs and the interests of other taxpayers in the putative class, and the claims of the plaintiffs are typical of the claims of other putative class members[,]" and (4) "[i]t is apparent . . . that potential recoveries by putative class members if they were to pursue their claims separately, would not likely be sufficient in amount to be economically justifiable." The court further found that although corporations, individuals, and estates and trusts are taxed under separate statutory provisions, "the only substantial difference among them is the tax rate, which is actually the same for individuals and trusts and estates[,]" and that "the taxation mechanisms are substantially the same." Most importantly, the trial court found that the State was "put on notice in 2003 when the plaintiffs filed for refund, . . . and was on notice [because of ongoing similar litigation involving intangibles taxation] that revenue provisions that treat income differently depending on its connection to the State are constitutionally suspect." Based on the sufficiency of the trial court's findings of fact, we find Defendants' argument without merit.

The order of Judge Lindsay certifying a class for purposes of pursuing this action is

AFFIRMED.

Judges McGEE and GEER concur.