JAS. F. PORTER v. JAS. M. GRIMSLEY.

*Demurrer—Interest—Judgment.*

1. Where the complaint charged the defendant with having received money, as an agent, and his refusal to pay it over, "though often requested to do so," and the defendant demurred, assigning grounds therefor, (1) that the complaint did not show the parties were citizens of the United States, and (2) that there was no allegation of a demand; *Held,* that the demurrer was frivolous.

2. Interest will run against an agent who has received money for his principal and fails to pay it over, from demand.

3. Where interest has been erroneously computed in a judgment, and it can be separated from the principal, the Supreme Court will not direct a new trial, but that the proper correction shall be made.

(*Hyman* v. *Gray,* 4 Jones, 155; *Neal* v. *Freeman,* 85 N. C., 441, cited).

CIVIL ACTION, tried before. *MacRae, Judge,* at Spring Term, 1887, of ASHE Superior Court.

The complaint alleged:

"1st. That in April, 1885, the defendant, as agent of the plaintiff, received of the Valley Mutual Life Insurance Company, for the plaintiff, the sum of five hundred dollars, and paid over to the plaintiff the sum of two hundred dollars.

"2d. That the defendant neglects and refuses to pay over the balance of said money to the plaintiff, though often requested so to do."

The judgment demanded was "for the sum of three hundred dollars, with interest thereon from April, 1885, first deducting from such sum reasonable commissions for the collection thereof, and for such other and further relief as to the Court may seem just."

The defendant demurred to the complaint, and assigned the following causes:

"1st. It does not appear that either the plaintiff or defendant are citizens of the United States of America, or that the

Valley Mutual Insurance Company has any existence in the United States or elsewhere.

"2d. That the complaint shows that the defendant ' neglects and refuses to pay over the said money to the plaintiff, though often requested so to do,' and does not show that the same has been demanded by the plaintiff or any one authorized to do so."

His Honor rendered the following judgment:

"This cause coming on to be heard on complaint and demurrer filed, it is considered by the Court that the demurrer be overruled, being adjudged frivolous," and it was "adjudged by the Court that the plaintiff recover of the defendant the sum of three hundred dollars, principal money, and interest from the 15th day of April, 1885, to-wit, the sum of $40.50, to the 30th of May, 1887, and costs of suit to be taxed by the clerk. It is further adjudged that the defendant is liable to the plaintiff for the above amount as agent of the plaintiff, and holds the same in trust for the plaintiff."

The defendant appealed.

*Messrs. G. W. Bower* and *E. R. Stamps,* for the plaintiff.
*Messrs. R. H. Battle, J. W. Hinsdale* and *G. N. Folk,* for the defendant.

DAVIS, J., (after stating the case). The defendant may demur:

1. When the Court has no jurisdiction of the person of the defendant, or of the subject of the action; or,

2. That the plaintiff has not legal capacity to sue; or,

3. That there is another action pending between the same parties for the same cause; or,

4. That there is a defect of parties, plaintiff or defendant; or,

5. That several causes of action have been improperly joined; or,

6. That the complaint does not state facts sufficient to constitute a cause of action.

No one of these grounds of demurrer can be found in the complaint, and the demurrer was properly overruled as frivolous.

But the defendant says that the complaint does not show when the demand was made, and that the judgment is erroneous, in that it gave interest from the 15th day of April, 1885.

It is conceded that interest can be charged only from demand, and in *Hyman* v. *Gray*, 4 Jones, 155, cited by counsel for defendant, a new trial was granted because this Court was unable to enter judgment for the proper amount; but in *Neal* v. *Freeman*, 85 N. C., 441, in which it did not appear when the demand was made, and, therefore, when interest commenced, the Court said: " As the sum allowed as interest was distinguished, in the judgment rendered, from the principal sum due, it is not necessary that we should direct a new trial, as the correction can be made here." It was accordingly adjudged that the plaintiff recover the principal sum, " with interest from the date of the summons, and that the clerk make the correction," &c. In this case the counsel for the plaintiff expresses his willingness to the correction of the judgment, in conformity to this decision, and the clerk will make the correction, and the judgment in favor of the plaintiff will be for $300, with interest from the date of the summons.

If the attention of the Court below had been directed to the matter the modification would, no doubt, have been made then, and as it was not done, the appellant (defendant) will be taxed with the cost.

Modified and affirmed.