CUMBERLAND COUNTY BOARD OF EDUCATION, PLAINTIFF v. CUMBERLAND COUNTY BOARD OF COMMISSIONERS, DEFENDANT

No. 9212SC1171

(Filed 21 December 1993)

**Appeal and Error § 175 (NCI4th); Schools § 70 (NCI4th)— amount appropriated for schools—mootness of appeal**

An appeal under N.C.G.S. § 115C-431 from the trial of a dispute between a board of education and a board of county commissioners as to the amount appropriated by the commissioners to maintain a system of free public schools in the county for the 1992-93 school year is moot where that school year has ended.

**Am Jur 2d, Appeal and Error § 760 et seq.**

Appeal by defendant from judgment entered 24 August 1992 by Judge Jack A. Thompson in Cumberland County Superior Court. Heard in the Court of Appeals 20 October 1993.

This appeal concerns the trial court's interpretation of N.C. Gen. Stat. § 115C-431, the dispute resolution statute contained in The School Budget and Fiscal Control Act (School Budget Act). The Cumberland County Board of Education (BOE) invoked the statute to question the sufficiency of an appropriation of funds by the Cumberland County Board of Commissioners (BOC) for the 1992-1993 budget. The disputed funds make up what is known as the local current expense fund.

Prior to 15 May 1992, the BOE submitted its budget request of 30.9 million for the 1992-1993 school year to the BOC. The BOC granted 26.9 million, 4 million below the requested amount. The

members of the BOE met and voted to meet with the BOC, as provided for in G.S. § 115C-431. On 2 July 1992, the two groups met and failed to resolve the budget dispute. The BOE met again on 6 July 1992 and decided to refer the matter to the clerk of superior court for arbitration, again, as provided in G.S. § 115C-431. The clerk of superior court found that an additional 2 million was necessary to maintain a system of free public schools and awarded 2 million to the BOE. The BOE appealed, again, to the superior court, contending the amount was still insufficient.

At trial, Maureen Clark, a member of the BOE, testified on their behalf. She stated that Cumberland County had the third largest school system in North Carolina and served 46,000 students. Ms. Clark explained that the BOE had developed a five year plan in an attempt to improve the school system. When the plan was conceived, local per pupil expenditures were below the state average. Ms. Clark testified that the BOC had agreed to fund the plan and, in fact, did fund the plan from 1990-1992. For the 1990-1991 school year, the BOC granted 25.9 million. In 1991-1992, the BOC granted 28.4 million. She stated that the 30.9 million requested for the 1992-1993 school year was based on funding in accordance with the five year plan. Ms. Clark indicated on cross examination that the five year plan could be paid for only with local money.

Dr. Larry Rowedder, superintendent of the Cumberland County schools, testified that the five year plan was essentially a budget plan which required an estimated 7.5 million more than the amount normally put into the budget over the next five years. The five year plan needed a minimum 4-5 percent increase in county funding to maintain the status quo, along with an additional 1.5 million to implement the plan. Dr. Rowedder also testified that the plan was an attempt by the BOE to bring their spending up to average in the state, something it was currently far below.

Ricky Lopes, finance officer for Cumberland County schools, identified the funds the BOE gets from local sources. Lopes testified that the budget had already been "knocked down" to a point at which, in the eyes of the committee, it was a "bare-bones-type" budget. Mr. Lopes informed the jury that statistical data revealed Cumberland County increased its local funds given to public school systems from 1985-1991 by 20.93 percent, whereas the average state increase was 43.96 percent. Mr. Lopes also stated that county revenues had increased 52 percent during the same period.

The BOC presented the testimony of Marshall Faircloth, a certified public accountant and member of the BOE. Mr. Faircloth, chairman of the BOE's Finance Committee, testified that 2 million was available in the school's fund balance, a separate account, to cover the shortfall. Mr. Faircloth indicated, however, that this availability was based on the belief that the BOC would adhere to the five year plan's funding as previously agreed upon. More specifically, he stated that depleting the fund balance would not be prudent absent a commitment from the BOC to fund the fourth and fifth year of the plan.

John Nalepa, finance director for Cumberland County, testified that it was his opinion that the BOE would have a fund balance of approximately 5.48 million as of 30 June 1992. Mr. Nalepa stated that, of the 28.4 million the BOC gave the school in the second year of the plan, 3.16 million was not spent and was put into the fund balance or savings account. Mr. Nalepa stated further that it was his opinion that the BOE needed less than 1 million in the fund balance to meet their cash flow needs.

Amy Cannon, senior budget analyst for Cumberland County, testified that the county is required to fund the maintenance and operation of physical facilities, supplies for the school buildings, liability insurance, and books and other instructional materials or supplies. She also pointed out that several items in the budget were paid for by the county, though not mandated by statute. Ms. Cannon testified that in her opinion the county was only mandated to pay 16 million to the BOE. Several more witnesses testified for the BOC. Their testimony dealt with ways in which, or funds from which, the BOE could make up any perceived shortfall in the budget. From a judgment that 29 million is needed to maintain a system of free public schools, the BOC appeals.

*Tharrington, Smith & Hargrove, by Ann L. Majestic and Jonathan A. Blumberg, and Maynette Regan, for plaintiff appellee.*

*County Attorney G. B. Johnson and Deputy County Attorneys Robert H. Bartelt, Danny G. Higgins, and Douglas E. Canders for defendant appellant.*

ARNOLD, Chief Judge.

The parties have presented several issues for our review. This matter is moot, however, and we cannot address the issues before

**CUMBERLAND CO. BD. OF EDUC. v. CUMBERLAND CO. BD. OF COMRS.**

[113 N.C. App. 164 (1993)]

us. Generally, a court will not decide a moot case and state court mootness doctrine "represents a form of judicial restraint." *In re Peoples*, 296 N.C. 109, 147, 250 S.E.2d 890, 912 (1978), *cert. denied, Peoples v. Judicial Standards Commission of North Carolina*, 442 U.S. 929 (1979). Our Supreme Court has stated that

> [w]henever, during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law.

> . . . If the issues before a court or administrative body become moot at any time during the course of the proceedings, the usual response should be to dismiss the action.

*Id.* at 147-148, 250 S.E.2d at 912 (citations omitted). An exception to this doctrine exists, however, when the matter is "capable of repetition, yet evading review." *Crumpler v. Thornburg*, 92 N.C. App. 719, 723, 375 S.E.2d 708, 711, *disc. review denied*, 324 N.C. 543, 380 S.E.2d 770 (1989). We do not believe the exception is applicable in this case.

We recognize that our decision effectively blocks almost all appeals to this Court under G.S. § 115C-431 and that any appeal of a disputed budget for a particular year will likely be moot by the time it reaches this Court. The budgetary process requires the harmonious cooperation of both entities each year to provide for the financial well-being of Cumberland County schools. Protracted litigation will only impede this process. Solutions which provide a reasonable and practical dispute resolution method must be developed. The current procedure is unworkable and impractical. A procedure which provides for an expedited review of budget disputes and which terminates on a local level, without entangling the cumbersome machinery of the appellate courts, would be preferable. Our General Assembly, however, is the only body capable of providing these solutions.

For the reasons set forth above, this appeal is

Dismissed.

Judges WELLS and JOHNSON concur.