BEAUFORT CTY. BD. OF EDUC. v. BEAUFORT CTY. BD. OF COMM'RS

[188 N.C. App. 399 (2008)]

arthritis. These findings and conclusions when coupled with Dr. DeFranzo's testimony cited by the majority at pages 15 through 17 of the Opinion are, in my opinion, sufficient to require the Commission to make additional findings regarding what portion of Claimant's disability is related to his employment.

I would, therefore, remand this case for further findings regarding what percentage of Claimant's disability is attributable to his job with the City. I believe such additional findings are mandated by *Weaver v. Swedish Imports Maintenance, Inc.*, 319 N.C. 243, 354 S.E.2d 477 (1987) and *Pitman v. Feldspar Corp.*, 87 N.C. App. 208, 360 S.E.2d 696 (1987), *disc. review denied*, 321 N.C. 474, 364 S.E.29 924 (1988).

---

BEAUFORT COUNTY BOARD OF EDUCATION, PLAINTIFF v. BEAUFORT COUNTY BOARD OF COMMISSIONERS, DEFENDANT

No. COA06-1712

(Filed 5 February 2008)

**1. Appeal and Error; Schools and Education— appealability— school funding—mootness**

Defendant county commissioners' appeal from a school funding dispute under N.C.G.S. § 115C-431 was not moot even though it involved fiscal year 2006-2007 which has ended, because: (1) N.C.G.S. § 115C-431 was amended in 2006 prior to the date of the hearing of the present appeal, and it provided that the conclusion of the school or fiscal year shall not be deemed to resolve the question in controversy between the parties while an appeal is still pending; and (2) defendant filed notice of appeal within the 2006-2007 fiscal school year.

**2. Schools and Education— school funding dispute—subject matter jurisdiction**

The trial court had subject matter jurisdiction over plaintiff board of education's action in a school funding dispute case because: (1) plaintiff's claim is specifically authorized by N.C.G.S. § 115C-431(c); and (2) neither *Leandro I*, 346 N.C. 336 (1997), nor *Leandro II*, 358 N.C. 605 (2004), contain any suggestion that the trial court lacked jurisdiction to adjudicate this dispute under N.C.G.S. § 115C-431.

**3. Schools and Education— school funding dispute—motion to dismiss—School Budget Act**

The trial court did not err by denying defendant county commissioners' motion to dismiss plaintiff board of education's complaint in a school funding dispute case even though defendant contends the complaint and action are contrary to the North Carolina Constitution as interpreted in *Leandro I* and *Leandro II*, because: (1) contrary to defendant's reliance on *Leandro I* and *Leandro II*, this case is governed by the School Budget Act under N.C.G.S. § 115C-431(c); and (2) plaintiff's complaint was sufficient to state a claim upon which relief could be granted, and it also included as attachments the plaintiff's budget request with allegations of detailed information as to the amounts of funding needed to support the county's public schools.

**4. Schools and Education— school funding dispute—motion for continuance—trial scheduled for next session of court**

The trial court did not abuse its discretion or err by denying defendant board of commissioners' motion for a continuance of the trial of a school funding dispute even though defendant contends it denied defendant's due process rights under the North Carolina and United States Constitutions by holding the trial so quickly after plaintiff board of education filed the action instead of waiting for the first succeeding term of the superior court in the county as provided under N.C.G.S. § 115C-431, because: (1) the court scheduled the trial for the next session of court, which was the next week; (2) the statute, read as a whole, sets forth a detailed procedure for school budget disputes to be resolved as quickly as possible, and the legislature intended for the jury trial to be held as soon as possible; (3) the time which would normally be needed for discovery in other types of civil litigation may not be a consideration under N.C.G.S. § 115C-431 since the county board of commissioners has full authority to call for, and the board of education has the duty to make available to the commissioners upon request, all books, records, audit reports, and other information bearing on the financial operation of the local school administrative unit under N.C.G.S. § 115C-429(c); and (4) the record contained no indication that defendant requested any information that plaintiff failed to provide in regard to the budget request, either under N.C.G.S. § 115C-429 or through discovery under the Rules of Civil Procedure.

**5. Schools and Education— school funding dispute—necessary parties**

The trial court did not err by failing to grant defendant county commissioners' motion for dismissal under N.C.G.S. § 1A-1, Rule 12(b)(7) based on an alleged failure to join necessary parties, including the State of North Carolina and the North Carolina Board of Education, because: (1) N.C.G.S. § 115C-431(c) does not address the contribution of the State to the school budget and makes no provision for the State to participate at any stage of the process, including submission of the budget request and mediation to resolve the dispute; and (2) nothing in *Leandro I* or *Leandro II* indicated the State of North Carolina was a necessary party to a lawsuit under N.C.G.S. § 115C-431(c).

**6. Schools and Education— school funding dispute—motion for directed verdict**

The trial court did not err by denying defendant county commissioners' two motions for directed verdict, one based on the same grounds as the N.C.G.S. § 1A-1, Rule 12(b)(6) motion to dismiss that plaintiff board of education allegedly failed to allege or prove that defendant did not adequately fund school current expenses in a category the General Assembly has established a positive duty for a county to fund, and another under N.C.G.S. § 1A-1, Rule 50 at the close of plaintiff's case, because: (1) a thorough review of the trial transcript showed that plaintiff presented sufficient evidence for its case to be submitted to the jury; (2) plaintiff presented evidence as to the amount of money needed from sources under the control of defendant; (3) plaintiff was not required to present evidence as to the amount of money needed from the State Public School Fund, which was not under the control of defendant, in order to survive a motion for directed verdict; and (4) the issue to be decided by the jury related only to the local current expense fund, and plaintiff presented evidence of all sources of revenue to this fund and of all of the expenses to be paid from this fund.

Appeal by defendant from judgment entered 9 August 2006 by Judge William C. Griffin, Jr., in Superior Court, Beaufort County. Heard in the Court of Appeals 23 August 2007.

*Schwartz & Shaw, P.L.L.C. by Brian C. Shaw and Richard Schwartz for plaintiff-appellee.*

*Garris Neil Yarborough for defendant-appellant.*

STROUD, Judge.

Defendant appeals judgment entered by Judge William C. Griffin, Jr. in Superior Court, Beaufort County determining that $10,200,000 was the amount of money needed by plaintiff to maintain a system of free public schools. For the following reasons, we find no error.

## I. Background

Plaintiff Beaufort County Board of Education filed a complaint against defendant Beaufort County Board of Commissioners pursuant to N.C. Gen. Stat. § 115C-431(c), seeking resolution of a dispute regarding the funding of the Beaufort County schools for the 2006-2007 fiscal year.[1] Plaintiff alleges: On 27 March 2006, plaintiff approved its budget for the 2006-2007 fiscal year. On 1 May 2006, plaintiff submitted its budget request for the 2006-2007 fiscal year to defendant. On 5 June 2006, plaintiff approved a revised budget request and submitted this revised request to defendant. The revised budget request included increases necessary to comply with state mandated budget increases. On 28 June 2006, defendant adopted a budget ordinance for fiscal year 2006-2007, which allocated $9,434,217 from county revenues to the Beaufort County school administrative local current expense fund, an amount which was $2,672,087 less than plaintiff had requested.

On 29 June 2006, plaintiff adopted a resolution which found in part that "the amount of money appropriated by the Beaufort County Board of Commissioners for the 2006-2007 school year to the Board of Education's local current expense fund is not sufficient under North Carolina General Statute § 115C-431, or otherwise, to support a system of free public schools." Plaintiff requested a joint mediation with defendant, as provided for by N.C. Gen. Stat. § 115C-431. The two boards held a joint public meeting on 5 July 2006 to consider the 2006-2007 fiscal year budget request. The boards then participated in mediation on 5 and 13 July 2006, which ended in an impasse on 13 July 2006. On Friday, 14 July 2006, plaintiff filed a complaint against defendant pursuant to N.C. Gen. Stat. § 115C-431, seeking a jury trial

---

1. The fiscal year runs from 1 July to 30 June. N.C. Gen. Stat. § 115C-423(4) (2006). The 2006-2007 fiscal year, which is at issue here, ran from 1 July 2006 to 30 June 2007. *See* N.C. Gen. Stat. § 115C-423(4).

to resolve the dispute regarding the funding of the Beaufort County schools for the 2006-2007 fiscal year.

On Monday, 17 July 2006, the parties' attorneys and the court held a telephone conference to discuss scheduling issues. Both parties were directed to appear before the court on 19 July 2006. On Tuesday, 18 July 2006, defendant filed a "Verified Motion To Calendar Civil Case For Trial," requesting that trial begin during the next term of court, which would begin on 1 January 2007. On Wednesday, 19 July 2006, the trial court denied defendant's motion and ordered the parties to appear for trial starting on 20 July 2006, the next day. On 19 July 2006, defendant filed a petition for writ of supersedeas and temporary stay with this Court, seeking to delay the trial. On the same date this Court allowed the motion for temporary stay. On 20 July 2006, this Court denied the petition for writ of supersedeas and dissolved the temporary stay. The trial proceedings began on 19 July 2006 and ended on 27 July 2006.

During the trial, on 24 July 2006, defendant filed two motions to dismiss. The first motion to dismiss was based upon N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) "for failure to state a claim upon which relief may be granted," based upon

> the funding standards for public schools established by the North Carolina Supreme Court in *Leandro, et al. v. State of North Carolina, et al.*, 346 N.C. 336, 488 S.E.2d 249 (1997) 'Leandro I', and *Hoke County Board of Education, et al. v. State of North Carolina, et al.*, 358 N.C. 605, 599 S.E.2d 365 (2004), 'Leandro II.'

The second motion to dismiss was based upon N.C. Gen. Stat. § 1A-1, Rule 12(b)(7), alleging that plaintiff failed to join "necessary parties, to wit, the State of North Carolina and the State Board of Education, in this action involving current expense funding only for local public education". Defendant argued that pursuant to *Leandro I* and *Leandro II* the "State has the primary obligation for funding the current expense aspects of public education at the local level in a higher amount than the standard under N.C. Gen. Stat. § 115C-431 in each and every county of the State." The trial court denied both motions to dismiss and also denied defendant's motion for directed verdict at the close of plaintiff's evidence.

The issue submitted to the jury was "[w]hat amount of money is needed from sources under the control of the Board of County Commissioners to maintain a system of free public schools in the Beaufort County School System[.]" The jury verdict was in the

amount of $10,200,000, and the trial court entered judgment in this amount on 9 August 2006.

Defendant appeals from this judgment, raising six issues: (1) whether the trial court lacked subject matter jurisdiction; (2) whether the trial court erred in denying defendant's motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) because the complaint and action were contrary to North Carolina law; (3) whether the trial court erred in denying defendant's motion for a continuance; (4) whether the trial court erred in denying defendant's motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(7); (5) whether the trial court erred in denying defendant's motion for directed verdict because the complaint and action were contrary to North Carolina law; and (6) whether the trial court erred in denying defendant's motion for directed verdict at the close of plaintiff's case because plaintiff failed to meet the burden of showing it was entitled to additional current expense funding from defendant.

## II. Mootness

**[1]** The first issue we must address is whether this appeal is moot, as the 2006-2007 fiscal year is now over. This Court held in *Cumberland Co. Bd. of Educ. v. Cumberland Co. Bd. of Comrs.* that an appeal of a school funding dispute under N.C. Gen. Stat. § 115C-431 is moot if the fiscal year for which funding is in dispute has ended. 113 N.C. App. 164, 438 S.E.2d 424 (1993). However, N.C. Gen. Stat. § 115C-431(d) has been amended since the *Cumberland County* case. *See* N.C. Gen. Stat. § 115C-431(d) (2007); *see also Cumberland Co. Bd. of Educ.*, 113 N.C. App. 164, 438 S.E.2d 424.

The amendment was ratified 14 June 2007 and approved 20 June 2007, prior to the date of hearing of this appeal. N.C. Gen. Stat. § 115C-431(d). The amended statute provides that "[t]he conclusion of the school or fiscal year shall not be deemed to resolve the question in controversy between the parties while an appeal is still pending." *See id.* Defendant filed notice of appeal on 24 August 2006, within the 2006-2007 fiscal school year. Therefore, this appeal was "pending" when the fiscal year ended and this appeal is not moot because "[t]he conclusion of the . . . fiscal year [did] not . . . resolve the question in controversy." *See id.*

## III. Subject Matter Jurisdiction

**[2]** Defendant argues that the judgment must be vacated because the court did not have subject matter jurisdiction over the plain-

tiff's action. Defendant contends that the court has no jurisdiction to hear this matter, based upon, *inter alia*, Article IX, § 2 of the North Carolina Constitution as well as *Leandro I* and *Leandro II*. Essentially defendant argues that under North Carolina law, local governments have very limited requirements for funding the public schools, as the primary responsibility for funding a "general and uniform system of free public schools" is upon the State of North Carolina. *See* N.C. Const. art. IX, § 2. Defendant contends its contribution is mostly discretionary. Defendant bases this argument upon the North Carolina Constitution, specifically that

> [t]he General Assembly *may* assign to units of local government such responsibility for the financial support of the free public schools as it may deem appropriate. The governing boards of units of local government with financial responsibility for public education *may* use local revenues to add to or supplement any public school or post-secondary school program.

*See id.* (emphasis added). Defendant argues it has provided the required school funding and that any additional funding is discretionary, and thus it cannot be forced to fund more than it already has.

"This Court employs *de novo* review when it evaluates questions of subject matter jurisdiction." *Dunn v. State*, 179 N.C. App. 753, 757, 635 S.E.2d 604, 606 (2006), *disc rev. allowed*, 361 N.C. 351, 645 S.E.2d 767 (2007). We find defendant's reliance upon the North Carolina Constitution and *Leandro I* and *Leandro II* to be misplaced. *See Leandro II*, 358 N.C. 605, 599 S.E.2d 365 (2004); *Leandro I*, 346 N.C. 336, 488 S.E.2d 249 (1997). Defendant is correct that *Leandro I* and *Leandro II* recognize the primary constitutional responsibility of the State of North Carolina to provide sufficient funding for the public schools in the state so that "every child of this state [has] an opportunity to receive a sound basic education[.]" *Leandro I* at 347, 488 S.E.2d at 255; *see also Leandro II*, 358 N.C. 605, 599 S.E.2d 365. However, *Leandro I* also notes that "Article IX, Section 2(2) of the North Carolina Constitution expressly authorizes the General Assembly to require that local governments bear part of the costs of their local public schools" and further "provides that local governments may add to or supplement their school programs as much as they wish." *Leandro I* at 349, 488 S.E.2d at 256. "[T]he legislature has required local boards of education 'to provide *adequate* school systems within their respective local school administrative units, as

directed by law.' " *Leandro I* at 347, 488 S.E.2d at 255 (quoting N.C. Gen. Stat. § 115C-47(1) (Supp. 1996) (emphasis in original).

North Carolina has a very detailed statute governing school financing, "The School Budget and Fiscal Control Act" ("SBFCA"). N.C. Gen. Stat., Chap. 115C, Art. 31 (2005). The SBFCA prescribes a "uniform system of budgeting and fiscal control" which repeals "all provisions of general laws and local acts in effect as of July 1, 1976, and in conflict with the provisions of [] Article [31]". N.C. Gen. Stat. § 115C-424 (2005). The General Assembly has delineated the responsibilities of the State of North Carolina and local governments regarding school funding in the SBFCA and has recognized that at times there may be disputes as to the level of funding required on the local level between the boards of education and the boards of county commissioners; resolving such a dispute is exactly the purpose of N.C. Gen. Stat. § 115C-431. N.C. Gen. Stat. § 115C-431 (2005). N.C. Gen. Stat. § 115C-431(c) provides that "[w]ithin five days after an announcement of no agreement by the mediator, the local board of education may file an action in the superior court division of the General Court of Justice." *See id.*

Under North Carolina law, defendant is required to provide funding to plaintiff and upon disagreement as to sufficient funding plaintiff was authorized to file this suit. *See* N.C. Const. art. IX, § 2; N.C. Gen. Stat., Chap. 115C, Art. 31; N.C. Gen. Stat. § 115C-431(c); *see also Leandro I* at 349, 488 S.E.2d at 256. Plaintiff's claim is specifically authorized by N.C. Gen. Stat. § 115C-431(c), and neither *Leandro I* nor *Leandro II* contain any suggestion that the trial court lacked jurisdiction to adjudicate this dispute under N.C. Gen. Stat. § 115C-431. This assignment of error is overruled.

### IV.  Failure to State a Claim

**[3]** Defendant argues the trial court erred in failing to grant its motion to dismiss because plaintiff's complaint and action are contrary to the North Carolina Constitution as interpreted in *Leandro I* and *Leandro II*. Defendant claims plaintiff failed to allege or prove that "[d]efendant board of commissioners did not adequately fund school current expenses in a category the General Assembly has established a positive duty for a county to fund." Defendant argues that without this duty plaintiff could not bring a viable complaint or action.

The standard of review on a motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure is

whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory.

*Pinewood Homes, Inc. v. Harris*, 184 N.C. App. 597, 600, 646 S.E.2d 826, 830 (2007) (citation and internal quotations omitted).

Again, defendant's reliance on *Leandro I* and *Leandro II* is misplaced. *See Leandro II*, 358 N.C. 605, 599 S.E.2d 365; *Leandro I*, 346 N.C. 336, 488 S.E.2d 249. This case is governed by the SBFCA. *See* N.C. Gen. Stat. § 115C-431(c).

Plaintiff's complaint alleges "[t]he amount appropriated by the FY 2007 Budget Ordinance to the Beaufort County school administrative unit local current expense fund for the fiscal year 2006-2007 is not sufficient to support a system of free public schools in Beaufort County" and is therefore "sufficient to state a claim upon which relief may be granted under [North Carolina General Statute § 115C-431]." *See Pinewood Homes, Inc.* at 600, 646 S.E.2d at 830. The complaint also included as attachments the plaintiff's budget request with allegations of detailed information as to the amounts of funding needed to support the Beaufort County public schools. Accordingly, these assignments of error are overruled.

## V. Motion to Continue

**[4]** Defendant contends that the trial court erred in denying defendant's motion for a continuance because holding the trial so quickly after filing the action denied defendant due process pursuant to the North Carolina Constitution and the United States Constitution. Defendant argues that N.C. Gen. Stat. § 115C-431, which provides for trial to be set for the "first succeeding term of the superior court in the county," uses the word "term" as "the typical six-month assignment of superior court judges," while a "session" means "the typical one-week assignments within the term" and cites to *State v. Trent*, 359 N.C. 583, 614 S.E.2d 498 (2005). Defendants therefore contend that the "first succeeding term" of court would have been the six month term beginning in January 2007. However, the court scheduled the trial for the next "session" of court, which was the next week. Defendant argues that it was forced to proceed to the trial of a multimillion dollar dispute "without any discovery, pretrial motions or even an answer . . . ."

Ordinarily, a motion to continue is addressed to the discretion of the trial court, and absent a gross abuse of that dis-

cretion, the trial court's ruling is not subject to review. When a motion to continue raises a constitutional issue, the trial court's ruling is fully reviewable upon appeal. Even if the motion raises a constitutional issue, a denial of a motion to continue is grounds for a new trial only when defendant shows both that the denial was erroneous and that he suffered prejudice as a result of the error.

*State v. Taylor*, 354 N.C. 28, 33-34, 550 S.E.2d 141, 145 (2001), *cert. denied*, 535 U.S. 934, 152 L. Ed. 2d 221 (2002) (internal citations omitted).

N.C. Gen. Stat. § 115C-431 sets forth the procedure for resolution of a dispute regarding school funding between boards of education and boards of county commissioners. *See* N.C. Gen. Stat. § 115C-431. N.C. Gen. Stat. § 115C-431(c) provides in pertinent part that

*[w]ithin five days* after an announcement of no agreement by the mediator, the local board of education may file an action in the superior court division of the General Court of Justice. The court shall find the facts as to the amount of money necessary to maintain a system of free public schools, and the amount of money needed from the county to make up this total. Either board has the right to have the issues of fact tried by a jury. When a jury trial is demanded, the cause *shall be set for the first succeeding term of the superior court* in the county, and *shall take precedence over all other business of the court.* However, if the judge presiding certifies to the Chief Justice of the Supreme Court, either before or during the term, that because of the accumulation of other business, the public interest will be best served by not trying the cause at the term next succeeding the filing of the action, the Chief Justice shall *immediately call a special term* of the superior court for the county, *to convene as soon as possible*, and assign a judge of the superior court or an emergency judge to hold the court, and the cause shall be tried at this special term. The issue submitted to the jury shall be what amount of money is needed from sources under the control of the board of county commissioners to maintain a system of free public schools.

*Id.* (emphasis added). This statute, read as a whole, sets forth a detailed procedure for school budget disputes to be resolved as quickly as possible. *See* N.C. Gen. Stat. § 115C-431.

The SBFCA dictates each step of the process, from the preparation of the budget through any potential appeals. *See* N.C. Gen. Stat. §§ 115C-429(2005); 115C-431. The SBFCA requires a joint meeting, mediation, and the board of education to "make available to the board of county commissioners, upon request, all books, records, audit reports, and other information bearing on the financial operation of the local school administrative unit." N.C. Gen. Stat. § 115C-429(c), -431(a), (b). The SBFCA sets specific time deadlines for various steps, including 15 May for presentation of the budget request by the board of education, and upon disagreement a joint meeting of the two boards "within seven days after the day of the county commissioners' decision on the school appropriations[,]" completion of mediation by August 1, and filing a lawsuit "within five days after an announcement of no agreement by the mediator[.]" N.C. Gen. Stat. §§ 115C-429(a),-431(a)-(c). When we consider the SBFCA's procedural detail and time schedule as a whole, it is obvious that the procedure established is *sui generis. See* N.C. Gen. Stat. § 115C-431(d); N.C. Gen. Stat., Chap. 115C, Art. 31.

We note that the meaning of "term" and "session" of court often depends upon the context of its use. *See Capital Outdoor Advertising v. City of Raleigh*, 337 N.C. 150, 154, 446 S.E.2d 289, 292, n.1,2 (1994), *rehearing denied*, 337 N.C. 807, 449 S.E.2d 566. Our Supreme Court has stated that

> the words 'session' of court and 'term' of court are often used interchangeably. When used with reference to a court, term signifies the space of time during which the court holds a session. A session signifies the time during the term when the court sits for the transaction of business . . . . Although 1962 amendments to the North Carolina Constitution changed the word 'term' to 'session' when referring to the period of time during which superior court judges are assigned to court . . . the continued use of both 'term' and 'session' is proper . . . . The use of 'term' has come to refer to the typical six-month assignment of superior court judges, and 'session' to the typical one-week assignments within the term.

*Id.* (internal citations and internal quotations omitted).

We must therefore consider the meaning of the "first succeeding term" of court in the specific context of N.C. Gen. Stat. § 115C-431(c). *See* N.C. Gen. Stat. § 115C-431(c). In this context, it is apparent that the legislature intended for the jury trial to be held as soon as possi-

ble. *Id.* Indeed, N.C. Gen. Stat. § 115C-431(c) uses the very words "as soon as possible" when it is necessary to call a special term of court for the trial because of other matters before the court. *See id.* If we were to accept defendant's interpretation of "term" as used in the statute, once mediation fails as of 1 August, and a lawsuit is filed within five days, the budget dispute lawsuit would then automatically be delayed, from early August until after 1 January of the next year, when the next six-month "term" of court begins. *See* N.C. Gen. Stat. § 115C-431(b), (c). This interpretation of the statute cannot be what the legislature intended, particularly as there is provision for the Chief Justice of the Supreme Court to "immediately" call a special term to hear the case, "to convene as soon as possible," if the "accumulation of other business" is such that "the public interest will be best served by not trying the cause at the term next succeeding the filing of the action [.]" *See* N.C. Gen. Stat. § 115C-431(c).

We also note that the time which would normally be needed for discovery in other types of civil litigation may not be a consideration under N.C. Gen. Stat. § 115C-431, as the county board of commissioners has "full authority to call for, and the board of education shall have the duty to make available to the board of county commissioners, upon request, all books, records, audit reports, and other information bearing on the financial operation of the local school administrative unit." *See* N.C. Gen. Stat. § 115C-429(c). Plaintiff claims defendant was aware of plaintiff's budget request as of 1 May 2006, when it was submitted to defendant. If defendant did not already have all of the information it deemed necessary for consideration of the budget request, defendant could simply request it pursuant to N.C. Gen. Stat. § 115C-429(c). *See* N.C. Gen. Stat. § 115C-429(c). Defendant admits that the parties had already been through the joint meeting and mediation as required by statute, which afforded two more opportunities to gather information regarding the plaintiff's budget request. *See* N.C. Gen. Stat. § 115C-431(b), (c). The record contains no indication that defendant requested any information that plaintiff failed to provide in regard to the budget request, either under N.C. Gen. Stat. § 115C-429 or through discovery under the Rules of Civil Procedure.

We cannot hold that the trial court abused its discretion or erred by its denial of defendant's motion to continue, considering the specific timing provisions and purposes of the SBFCA. *See* N.C. Gen. Stat. § 115C-431(d); N.C. Gen. Stat., Chap. 115C, Art. 31; *Taylor* at 33-34, 550 S.E.2d at 145. This assignment of error is overruled.

BEAUFORT CTY. BD. OF EDUC. v. BEAUFORT CTY. BD. OF COMM'RS

[188 N.C. App. 399 (2008)]

## VI. Necessary Party

**[5]** Defendant next contends that the trial court erred by its failure to grant its motion for dismissal for failure to join necessary parties, specifically the State of North Carolina and the North Carolina Board of Education, under N.C. Gen. Stat. § 1A-1, Rule 12(b)(7). Defendant argues that under *Leandro I* and *Leandro II*, the primary duty to fund educational programs is upon the State of North Carolina, and since plaintiff was seeking additional funding for "current expense categories that counties have no positive duty to fund," the State of North Carolina is a necessary party.

"[D]ismissal under Rule 12(b)(7) is proper only when the defect cannot be cured . . . ." *Howell v. Fisher*, 49 N.C. App. 488, 491, 272 S.E.2d 19, 22 (1980), *disc. rev. denied*, 302 N.C. 218, 277 S.E.2d 69 (1981). "A necessary party is one who is so vitally interested in the controversy that a valid judgment cannot be rendered in the action completely and finally determining the controversy without his presence." *Karner v. Roy White Flowers, Inc.*, 351 N.C. 433, 438-39, 527 S.E.2d 40, 44 (2000) (citations and internal quotations omitted).

N.C. Gen. Stat. § 115C-431(c) provides that the parties to a lawsuit regarding a school budget dispute are the board of education and the board of county commissioners. *See* N.C. Gen. Stat. § 115C-431(c). Either board may request trial by jury, and the issue which is to be submitted to the jury is "what amount of money is needed *from sources under the control of the board of county commissioners* to maintain a system of free public schools." N.C. Gen. Stat. § 115C-431(c) (emphasis added). The court is directed to enter judgment "ordering the board of county commissioners to appropriate a sum certain to the local school administrative unit, and to levy such taxes on property as may be necessary to make up this sum when added to other revenues available for the purpose." N.C. Gen. Stat. § 115C-431(c). The statutorily provided for lawsuit deals only with funding of the county schools *"from sources under the control of the board of county commissioners*[.]" *See* N.C. Gen. Stat. § 115C-431(c). N.C. Gen. Stat. § 115C-431 does not address the contribution of the State to the school budget and makes no provision for the State to participate at any stage of the process, including submission of the budget request and mediation to resolve the dispute.

We find nothing in *Leandro I* or *Leandro II* which would indicate that the State of North Carolina is a necessary party to a lawsuit under N.C. Gen. Stat. § 115C-143(c). As the State of North Carolina

and the North Carolina Board of Education are not necessary parties to this action it was proper for the trial judge to deny defendant's 12(b)(7) motion to dismiss. *See Howell* at 491, 272 S.E.2d at 22. This assignment of error is also overruled.

## VII. Motions for Directed Verdict

[6] Defendant made two motions for directed verdict. One motion was on the same grounds as the Rule 12(b)(6) motion to dismiss, claiming that plaintiff failed to allege or prove that "[d]efendant board of commissioners did not adequately fund school current expenses in a category the General Assembly has established a positive duty for a county to fund."

> The standard of review on denial of a directed verdict is well-established:

> On appeal, the standard of review on a motion for directed verdict is whether, upon examination of all the evidence in the light most favorable to the nonmoving party, and that party being given the benefit of every reasonable inference drawn therefrom, the evidence is sufficient to be submitted to the jury. The party moving for a directed verdict bears a heavy burden in North Carolina. A motion for directed verdict should be denied where there is more than a scintilla of evidence supporting each element of the plaintiff's case. In addition, when the decision to grant a motion for directed verdict is a close one, the better practice is for the trial judge to reserve his decision on the motion and submit the case to the jury.

*Brookshire v. N.C. Dept. of Transp.*, 180 N.C. App. 670, 672, 637 S.E.2d 902, 904 (2006) (internal citations and internal quotations omitted). A thorough review of the trial transcript as analyzed below also shows that plaintiff presented sufficient evidence for its case to be submitted to the jury. *See Brookshire* at 672, 637 S.E.2d at 904. For the same reasons as stated above, this motion was properly denied.

Defendant also argues that the trial court erred by its failure to grant defendant's motion for directed verdict under N.C. Gen. Stat. § 1A-1, Rule 50 at the close of plaintiff's case. Here defendant argues that plaintiff failed to present evidence necessary to prove its case because there was no evidence of the amount of the appropriations from the State Public School Fund for the 2006-2007 fiscal year. N.C. Gen. Stat. § 115C-426(e) provides that "[t]he local current expense fund shall include appropriations sufficient, when added to appropri-

ations from the State Public School Fund, for the current operating expense of the public school system[.]" N.C. Gen. Stat. § 115C-426(e) (2005). Thus, defendant argues that one variable in the equation is missing, and the jury could not possibly determine the amount of funding needed from the county if it did not know how much funding would be provided by the State Public School Fund.

As previously noted, on appeal

[t]he standard of review on denial of a directed verdict . . . is whether, upon examination of all the evidence in the light most favorable to the nonmoving party, and that party being given the benefit of every reasonable inference drawn therefrom, the evidence is sufficient to be submitted to the jury.

*Brookshire* at 672, 637 S.E.2d at 904. North Carolina § 115C-426 provides:

(a) The State Board of Education, in cooperation with the Local Government Commission shall . . . promulgate[] a standard budget format for use by local school administrative units throughout the State. . . .

(b) The uniform budget format shall be organized so as to facilitate accomplishment of the following objectives: (i) to enable the board of education and the board of county commissioners to make the local educational and local fiscal policies embodied therein; (ii) to control and facilitate the fiscal management of the local school administrative unit during the fiscal year; and (iii) to facilitate the gathering of accurate and reliable fiscal data on the operation of the public school system throughout the State.

(c) The uniform budget format shall require the following funds

(1) The State Public School Fund.

(2) The local current expense fund.

(3) The capital outlay fund.

In addition, other funds may be required to account for trust funds, federal grants restricted as to use, and special programs. . . .

(d) The State Public School Fund shall include appropriations for the current operating expenses of the public school system

from moneys made available to the local school administrative unit by the State Board of Education.

(e) The local current expense fund shall include appropriations sufficient, when added to appropriations from the State Public School Fund, for the current operating expense of the public school system in conformity with the educational goals and policies of the State and the local board of education, within the financial resources and consistent with the fiscal policies of the board of county commissioners. These appropriations shall be funded by revenues accruing to the local school administrative unit by virtue of Article IX, Sec. 7 of the Constitution, moneys made available to the local school administrative unit by the board of county commissioners, supplemental taxes levied by or on behalf of the local school administrative unit pursuant to a local act or G.S. 115C-501 to 115C-511, State money disbursed directly to the local school administrative unit, and other moneys made available or accruing to the local school administrative unit for the current operating expenses of the public school system.

(f) The capital outlay fund shall include appropriations for:

(1) The acquisition of real property for school purposes . . . .

(2) The acquisition, construction, reconstruction, enlargement, renovation, or replacement of buildings and other structures . . . .

(3) The acquisition or replacement of furniture and furnishings, instructional apparatus, data-processing equipment, business machines, and similar items of furnishings and equipment.

(4) The acquisition of school buses as additions to the fleet.

(5) The acquisition of activity buses and other motor vehicles.

(6) Such other objects of expenditure as may be assigned to the capital outlay fund by the uniform budget format.

N.C. Gen. Stat. § 115C-426(a)-(f) (2005).

N.C. Gen. Stat. § 115C-423(5) defines a "fund" as

an independent fiscal and accounting entity consisting of cash and other resources together with all related liabilities, obligations, reserves, and equities which are segregated by appropriate accounting techniques for the purpose of carrying on specific

activities or attaining certain objectives in accordance with established legal regulations, restrictions or limitations.

N.C. Gen. Stat. § 115C-423(5) (2006). Therefore, each of the three "funds," the State Public School Fund, the local current expense fund, and the capital outlay fund, is an "independent fiscal and accounting entity" with specific activities and objectives. *See* N.C. Gen. Stat. § 115C-423(5), -426(c). The issues in dispute in this case relate only to the local current expense fund, not to the State Public School Fund or to the capital outlay fund. Therefore, plaintiff was required to present evidence of the amount of funding needed for the local current expense fund which would include the funds provided from the State Public School Fund, to provide for the current operating expenses of the Beaufort County Schools for the 2006-2007 fiscal year. *See* N.C. Gen. Stat. § 115C-426(e).

Defendant notes evidence in the record as to testimony on cross-examination from the superintendent, Dr. Jeffrey Moss ("Dr. Moss"), that he did not "have the number in front of [him]", as to the amount "being added by the State Public School Fund" to the local current expense fund. However, Dr. Moss testified in detail as to the amount of funds needed from defendant for the current operating expenses of the schools and plaintiff presented Exhibit P-54, which set forth in detail each revenue and expense item of the local current expense budget request as presented to defendant, showing the needs for the 2006-2007 fiscal year. Dr. Moss also testified as to the state funds that are included in the local current expense budget, stating that some funds from the state "come directly to the local school administrative unit." Dr. Moss noted the local current expense fund included "a total of all of the revenue sources that were available to the Beaufort County Schools in 2005-2006 that just ended June 30th."

Plaintiff presented evidence of the amount needed in the local current expense fund, in addition to the funds provided by the State Public School Fund, to provide for "the current operating expense of the public school system in conformity with the educational goals and policies of the State and the local board of education, within the financial resources and consistent with the fiscal policies of the board of county commissioners." N.C. Gen. Stat. § 115C-426(e). The issue which must be decided by the jury was the "amount of money . . . *needed from sources under the control of the board of county commissioners* to maintain a system of free public schools." N.C. Gen. Stat. § 115C-431(c) (emphasis added). Plaintiff presented

evidence as to the amount of money needed from sources under the control of defendant. Plaintiff was not required to present evidence as to the amount of money needed from the State Public School Fund, which is not under the control of defendant, in order to survive a motion for directed verdict. *See id; see also Brookshire* at 672, 637 S.E.2d at 904. The issue to be decided by the jury related only to the local current expense fund, and plaintiff presented evidence of all sources of revenue to this fund and of all of the expenses to be paid from this fund. The trial court did not err by its denial of defendant's motion for directed verdict. *See Brookshire* at 672, 637 S.E.2d at 904. This assignment of error is overruled.

### VIII. Conclusion

The trial court did not err in entering judgment based upon the jury's verdict as to the funds needed from defendant to maintain a system of free public schools in the Beaufort County School System. For the foregoing reasons, we find no error.

NO ERROR.

Judges ELMORE and STEELMAN concur.